CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL - 1 2019

JULIA C. DUDLEY, CLERK
BY: ~~O. Kust~~
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| JEFFREY MORSE, | ) | State Court No. CL19-284 |
| | ) | Case No. 1:19CV00023 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AMERICAN MERCHANT, INC. | ) | By: Pamela Meade Sargent |
| ET AL. | ) | United States Magistrate Judge |
| | ) | |
| Defendants. | ) | |

This case was recently removed from the Circuit Court of Bristol, Virginia to the United States District Court for the Western District of Virginia at Abingdon. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 180 West Main Street, Room 104, Abingdon, Virginia 24210 or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Bristol, Virginia.

ENTER: June 12, 2019

/s/ *Pamela Meade Sargent*
United States Magistrate Judge

**ECF
DOCUMENT**
I hereby attest and certify that this is a printed copy of
a document that was electronically filed with the
United States District Court for the Western District
of Virginia.
Date Filed: 6/12/2019
By: _____ Julia C. Dudley, Clerk of Court
Deputy Clerk

FILED: 6/18/209
TIME: 10:00 Am
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY E. DUFFY, CLERK
BY: _____ D.C.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **JEFFREY MORSE,** | ) | State Court No. CL19-284 |
| | ) | Case No. 1:19CV00023 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **AMERICAN MERCHANT, INC.** | ) | By: Pamela Meade Sargent |
| **ET AL.** | ) | United States Magistrate Judge |
| | ) | |
| Defendants. | ) | |

This case was recently removed from the Circuit Court of Bristol, Virginia to the United States District Court for the Western District of Virginia at Abingdon. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 180 West Main Street, Room 104, Abingdon, Virginia 24210 or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Bristol, Virginia.

ENTER: June 12, 2019

/s/ *Pamela Meade Sargent*
United States Magistrate Judge

## IN THE CIRCUIT COURT FOR THE CITY OF BRISTOL, VIRGINIA

JEFFREY MORSE : 
    : 
  Plaintiff : 
    : 
v. :    Case No. CL 19000284-00
    : 
AMERICAN MERCHANT, INC. : 
Serve: Allen Oakley, Reg. Agent : 
    750 Old Abingdon Highway : 
    Bristol, VA 24201 : 
    :    FILED: March 6 2019
CNS GLOBAL ADVISORS :    TIME: 2:15 PM
Serve: Francisco J. Sanchez, CEO :    CIRCUIT COURT CLERKS OFFICE
    1875 Connecticut Ave NW :    CITY OF BRISTOL, VA
    10th Floor :    KELLY F. DUFFY, CLERK
    Washington, DC 20009 :    BY:
    : 
and : 
    : 
MERCHANT HOUSE : 
INTERNATIONAL, LTD. : 
Serve: Clifford Einstein, Director : 
    11940 Brentwood Grove : 
    Los Angeles, CA 90049 : 
    : 
  Defendants : 

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and for his complaint against the

defendants states as follows:

   1. The Plaintiff, Jeffrey Morse, is a consultant who works in the consulting

industry in the Southeast United States and is a resident of Morganton, North Carolina.

   2. The Defendant, CNS Global Advisors (hereinafter CNS), is a consulting

firm/financial advising company that provides services to both foreign and domestic

companies and has its headquarters in Washington, D.C., and does business in Virginia.

- 1 -

3. The Defendant, American Merchant Inc. (hereinafter American Merchant), is a textile manufacturer that is a subsidiary of Merchant House International, Ltd. and has its headquarters in Bristol, VA., which does business in Bristol, VA.

4. The Defendant, Merchant House International, Ltd. (hereinafter Merchant House), is an international company that sources, produces and sells footwear, home textiles seasonal decorations and gifts and is incorporated in Bermuda with its headquarters in Hong Kong, owns the defendant American Merchant and does or did business in Virginia.

5. Jurisdiction arises in this Court, pursuant to the activities taken by the defendants in this jurisdiction.

6. Your Plaintiff, Jeffrey Morse, on or about August 23, 2017, was recruited by Leondhardt Environmental, P.C. to acquire grants to set off the costs of building a wastewater pretreatment plant at American Merchant's manufacturing facility.

7. On or about September 29, 2017 your Plaintiff attended a meeting at or near American Merchant's manufacturing plant in Bristol, VA. His involvement in the project was described in the meeting minutes as follows:

> A consultant specializing in acquiring grant money for new industrial projects met with our team to discuss potential grants from multiple sources including TVA. The consultant has begun the process of contacting grant agencies. A report on the nature and amount of such grants is expected by October 11[,2018].

8. On or about October 11, 2018 at a meeting taking place at the manufacturing facility at or near Bristol, VA, your Plaintiff presented several options for grant proposals including Appalachian Regional Commission (ARC), Tennessee Valley Authority (TVA) and the Economic Development Association (EDA). At this meeting, your Plaintiff also asked for and received permission to contact the city of Bristol, VA to gauge their interest

- 2 -

in being an applicant to receive grants on behalf of American Merchant. Because of work your Plaintiff completed with the city's staff, he eventually applied for and received grant funding on behalf of American Merchant.

9. From October 2017 through January 2018, your Plaintiff continued work to acquire grants from ARC, TVA and EDA. Leonhardt Environmental, P.C. was phased out of the planning process on or about January 2, 2018, but the Plaintiff continued his work.

10. Following the removal of Leonhardt Environmental, P.C. from the planning process on or about January 2, 2018 by American Merchant and/or Merchant House, your Plaintiff continued to acquire grants at the request of CNS Global Advisors on behalf of American Merchant and Merchant House until on or about May 2, 2018. The work by Plaintiff was done with ongoing assurances from representatives of CNS and American Merchant that he would be compensated for his efforts.

11. Between September 2017 and May 2018 Plaintiff made numerous trips from Morganton, North Carolina to Bristol, Virginia on behalf of defendants as part of his ongoing efforts to obtain grant funding for a wastewater pretreatment plant.

12. Between September 2017 and May 2018, at Bristol, County of Washington, State of Virginia, Plaintiff, Jeffrey Morse, at the special instance and request of defendants, CNS, American Merchant and Merchant House, and for their use and benefit, furnished a large amount of time, travel and expertise to assist with the acquisition of grant money to fund a wastewater pretreatment plant to be installed at a certain facility located in the City of Bristol, County of Washington, State of Virginia.

13. Plaintiff alleges that due to his efforts, on or about March 3, 2018, ARC approved a $500,000.00 grant for the City of Bristol, VA on behalf of American Merchant for the funding of a wastewater pretreatment plant.

- 3 -

14. Plaintiff further alleges that he applied for and received a grant from the TVA in the amount of $1,300,000.00 for the funding of a wastewater pretreatment plant.

15. The foregoing facts outlining the efforts of Plaintiff coupled with the continued assurances from the Defendants that Plaintiff would be compensated for those efforts is behavior by both parties indicative that an agreement was in place. Therefore, the court should infer an implied-in-fact contract.

16. Further, the Plaintiff conferred a benefit upon the defendants by devoting his time, effort, and expertise at the continued request and special instance of the defendants. There was a reasonable expectation that defendant would pay the Plaintiff and the defendant knew or should have known of this expectation of payment. Under the principles of quantum meruit and unjust enrichment, allowing the defendant to retain the benefits as set forth above would be inequitable.

17. Further, he Defendants were enriched through the Plaintiff's work and expertise in the amount of $1.8 million in grants that were obtained in an expedited manner. This could have only been achieved by someone possessing Plaintiff's specific skillset, professional network and experience in grant writing.

WHEREFORE, pursuant to the principles of implied contract, quantum meruit and unjust enrichment, your Plaintiff prays that he be granted a judgment in the amount of $90,000.00 plus costs and interest from the date of the filing of this complaint.

JEFFREY MORSE
By Counsel

Robert T. Copeland, VSB 14575
Max C. Morris, VSB 93687
Copeland Law Firm, P.C.
Post Office Box 1296
Abingdon, VA 24212
276-628-9525
276-628-4711 (fax)
rtc@rcopelandlaw.com
mcm@rcopelandlaw.com
Counsel for Plaintiff

- 5 -

# COPELAND LAW FIRM, P.C.

212 W. Valley Street
P. O. Box 1296
Abingdon, VA 24212

**(276) 628-9525 (Phone)**
**(276) 628-4711 (Fax)**
rtc@rcopelandlaw.com
mcm@rcopelandlaw.com

Robert T. Copeland
Max C. Morris

February 27, 2019

Hon. Kelly F. Duffy, Clerk
Bristol Virginia Courthouse
497 Cumberland Street, Room 210
Bristol, VA 24201

      Re:    *Jeffrey Morse v American Merchant Inc. et al*

Dear Ms. Duffy:

Enclosed for filing in the above-styled matter in the Circuit Court of Bristol, Virginia please find our complaint on behalf of Plaintiff Jeffrey Morse. Please do not serve the lawsuit at this time.

Sincerely,
Copeland Law Firm, P.C.

Max Morris, Esq.



**OFFICIAL RECEIPT**
**BRISTOL CITY CIRCUIT COURT**
**CIVIL**

DATE : 03/06/2019          TIME : 14:43:52
RECEIPT # : 19000001780    TRANSACTION # : 19030600030
CASHIER : DWJ              REGISTER # : B433
CASE COMMENTS : MORSE, JEFFREY v. AMERICAN MERCHANT INC
SUIT AMOUNT : $90,000.00

ACCOUNT OF : MORSE, JEFFREY

PAID BY : COPELAND, ROBERT
CHECK : $236.00           CHECK NUMBER : 2112
DESCRIPTION 1 : COM:COMPLAINT - CATCH-ALL
            2 : PLAINTIFF: MORSE, JEFFREY
            3 : NO HEARING SCHEDULED

CASE # : 520CL1900028400

FILING TYPE : COM          PAYMENT : FULL PAYMENT

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 049 | WRIT TAX (CIVIL) | $15.00 |
| 106 | (TTF) TECHNOLOGY TRUST FUND FEE (CIRCUIT COURT) | $5.00 |
| 123 | LEGAL AID SERVICES | $9.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 |

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 219 | LAW LIBRARY | $4.00 |
| 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 304 | CIVIL FILING FEE (LAW & EQUITY) | $190.00 |

TENDERED : $          236.00

AMOUNT PAID : $        236.00

PAYOR'S COPY

*CLERK OF COURT : KELLY F. DUFFY*

RECEIPT COPY 1 OF 2

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

JEFFREY MORSE,                     )
                                   )
    Plaintiff                )
                                   )
v.                                 )    Case No. 520CL19000284-00
                                   )
AMERICAN MERCHANT, INC., et al.    )
                                   )
    Defendants               )

FILED: April 26, 2019
TIME: 2:05 pm
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY E DUFFY, CLERK
BY: _____ D.C.

## *DEMURRER*

The Defendant American Merchant, Inc. ("American Merchant"), submits the following as its Demurrer:

1.    The Complaint fails to state a cause of action for breach of implied contract, quantum meruit, or unjust enrichment with respect to the period between August 2017, and January 2018, when by his own allegations, Mr. Morse was working for the benefit of the Leonhardt firm, and Mr. Morse failed to allege any facts about the reasonableness of his agreement to be compensated by the Leonhardt firm.

2.    The Complaint fails to state a cause of action for breach of implied-in-fact contract, or quantum meruit, because there is no allegation that American Merchant ever agreed that Mr. Morse would act on its behalf or that American Merchant ever promised or intended to pay Mr. Morse. The Complaint alleges at most that someone gave "assurances" that someone would pay.

3.     The Complaint fails to state a cause of action for breach of implied-in-law contract, or unjust enrichment, because there was no allegation that American Merchant had actual knowledge of Mr. Morse's activities.

4.     The Complaint fails to state a cause of action for quantum meruit or unjust enrichment, because there was no allegation that Mr. Morse's efforts conferred a benefit on American Merchant, separate and apart from the benefits that resulted from the efforts of American Merchant's paid consultant CNS and the efforts of local officials in Bristol.

Based on the foregoing, American Merchant prays that the Complaint will be dismissed as to American Merchant with prejudice and without leave to amend.

### *ANSWER*

The Defendant American Merchant, Inc. ("American Merchant"), submits the following as its Answer:

1.     American Merchant is without information to know the truth of the allegations in Paragraph 1 of the Complaint, and therefore they are denied.

2.     The allegations in paragraph 2 of the Complaint are admitted.

3.     The allegations in paragraph 3 of the Complaint are admitted.

4.     The allegations in paragraph 4 of the Complaint are admitted.

5.     The allegations in paragraph 5 are denied.

6.      American Merchant is without information to know the truth of the allegations in Paragraph 6 of the Complaint, and therefore they are denied. On information and belief, American Merchant submits that Leonhardt Environmental, P.C., is the only entity that ever agreed to pay compensation Mr. Morse in connection with grants in the City of Bristol. Mr. Morse wrote by email to Jim Williams dated January 22, 2018, that he had been billing Leonhardt for his expenses up to that date, and his arrangement with Leonhardt was to be paid based on a percentage of the grants.

7.      American Merchant is without information to know the truth of the allegations in Paragraph 7 of the Complaint, and therefore they are denied. On information and belief, the grants involved a series of meetings over a period of months, and many meetings were not attended by Mr. Morse.

8.      The allegations in paragraph 8 are denied. Mr. Morse was never authorized by American Merchant to take any action on its behalf, and American Merchant has no knowledge of any action taken by Mr. Morse on its behalf. On information and believe, any contact between Mr. Morse and officials from the City of Bristol in October 2017 was related to his services for the Leonhardt firm.

9.      American Merchant is without information to know the truth of the allegations in Paragraph 9 of the Complaint, and therefore they are denied.

3

10. The allegations in paragraph 10 are denied. Mr. Morse was never authorized by American Merchant to take any action on its behalf, and American Merchant never gave Mr. Morse any "assurances" at any time on any subject. So far as American Merchant has been able to determine, Mr. Morse never communicated by any means with any employee of American Merchant before his demand for compensation in October 2018. CNS made plain in its communications that there was no agreement for Mr. Morse to be paid after he stopped working for Leonhardt. Mr. Morse acknowledged in an email to Mr. Williams dated February 22, 2018, that "I want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my services."

11. American Merchant is without information to know the truth of the allegations in Paragraph 11 of the Complaint, and therefore they are denied.

12. American Merchant is without information to know the truth of the allegations in Paragraph 12 of the Complaint, and therefore they are denied.

13. With respect to the allegations in paragraph 13 of the Complaint, American Merchant admits that the City of Bristol received a grant from the Appalachian Regional Commission related to funding for wastewater treatment. In all other respects, the allegations in paragraph 13 of the Complaint are denied. The grant process involved the efforts of many people, including CNS and local officials.

4

14. The allegations in paragraph 14 are denied. There was a TVA grant unrelated to wastewater treatment. The grant process involved the efforts of many people, including CNS and local officials.

15. The allegations in paragraph 15 are denied. Mr. Morse was never authorized by American Merchant to take any action on its behalf, and American Merchant never gave Mr. Morse any "assurances" at any time on any subject. Mr. Morse has not alleged and cannot allege that American Merchant ever intended or agreed to pay him.

16. The allegations in paragraph 16 are denied. American Merchant has no knowledge of Mr. Morse's efforts or any benefits received from his efforts, as opposed to the efforts of CNS and others. At least initially, Mr. Morse's efforts were for the benefit of the Leonhardt firm. He makes no allegation in his Complaint about the reasonableness of the compensation he was paid by that firm.

17. The allegations in paragraph 17 are denied. American Merchant paid for and received professional services in connection with the grant applications. To this day, it has no reason to believe that Mr. Morse's efforts had any effect on the grant applications.

18. All allegations not expressly admitted are denied.

19. American Merchant denies that Mr. Morse is entitled to the requested relief or any relief.

5

Based on the foregoing, American Merchant prays that the Complaint will be dismissed with prejudice, and that any judgment will be in favor of American Merchant and against Mr. Morse's claims.

## *MOTION FOR SANCTIONS*

Pursuant to Va. Code §8.01-271.1, American Merchant moves for sanctions against Mr. Morse. In support thereof, American Merchant submits the following:

1.     Mr. Morse had no dealings with American Merchant.

2.     Mr. Morse knew that CNS was retained and paid by American Merchant to perform the services for which he now seeks compensation.

3.     Mr. Morse got involved in the project for Leonhardt, which at least paid him his expenses through January 22, 2018.

4.     CNS in its written communications with Mr. Morse made plain that there was no agreement or intention for him to be paid, as shown by the attached emails.

5.     Mr. Morse acknowledged in writing on February 22, 2018, that neither CNS nor Merchant House had any obligation to pay him, for work that he had performed under his agreement with Leonhardt.

6.     In light of these facts, there is no theory under Virginia law that would justify Mr. Morse's claims against American Merchant in this case.

6

7.     In similar circumstances, the Virginia Supreme Court upheld an award of sanctions. *See Nedrich v. Jones*, 245 Va. 465, 476-477, 429 S.E.2d 201, 207 (1993) ("Weber alleged no facts indicating that Riggs promised to pay him, or that Riggs even knew of his efforts in leasing the property.... In the present case, Weber's right to receive a bonus was defined by the terms of his express contract with Dulles.").

Based on the foregoing, American Merchant prays that this Court will award reasonable attorney fees against Mr. Morse.

American Merchant, Inc.

By: _____
          Counsel

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on this the 26th day of April, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
Counsel

8

**From:** "Jeffrey Morse" <jeff.morse@jmorseconsulting.com>
**To:** "Jim Williams" <jim.williams@cnsglobaladvisors.com>
**CC:**
**Date:** 1/22/2018 9:00:08 PM
**Subject:**

---

Quick question. I do not feel comfortable to continue to bill Derr for my expenses on this project. Had Derr completed his contract with Merchant House I would have been paid a percentage of the grants I brought in. He was paying me for upfront expense to be deducted from that total.

Is it possible to arrange a similar deal. I charged Derr $30.00 per hr plus mileage. If the grants are awarded and utilized by the company I could earn a percentage you guys feel comfortable with. Any up front expenses would be deducted from that amount.

As I indicated from the beginning I will continue to complete this task regardless of any decision made above. Jeff

**From:** "Jeffrey Morse" <jeff.morse@jmorseconsulting.com>
**To:** "Jim Williams" <jim.williams@cnsglobaladvisors.com>
**CC:**
**Date:** 2/22/2018 12:33:58 AM
**Subject:**

---

Jim, got another call later today from a friend at ARC Washington.  I was informed that our application should be approved in approximately 2 weeks depending on our response to the questions that will be transmitted to us.  Also this time line is dependent on our ability to get the answers back to them on a quick turnaround ( we did this with the state).

As we get close to getting final approval from ARC  I would like to bring up again a conversation we had several weeks ago concerning an appropriate compensation for the work I did in bringing an additional $1, 300,000 TVA energy savings grant and the ARC $500,000 grant.  These two grants along with the potential EDA grant were not part of the grant programs that were originally brought to the table for Merchant House.

My original involvement was under the direction of Leonhardt Environment (Derr Leonhardt).  He brought me to the first meeting as source to find additional grant funds for this project.  I was to be paid a percentage for any grants that I was able to get for this project.  My usual fee was 5% of grant totals.  I believe his original contract with Merchant House was for somewhere around $75,000.  At the time I thought I could bring a total of $500,000 to the table.  My fee from Derr would have been $25,000

I understand that Derr's services will probably not be utilized.  What I would like to suggest is that his contract be turned over to me with a reduced rate of $50,000.  This will more than fairly compensate me for the work I accomplished for this project.  (no fee will be paid until ARC sends a letter authorizing you to proceed with the project).

I also want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my efforts.
I agreed to preform my original work even after it become clear that Derr would not be involved in the project.

I have enjoyed working on this project.  I also hope that down the road I can be part of the team on future projects.

Again, regardless of the answer to my inquiry, I plan to continue to work on theses project untill the funding is approved both for ARC and EDA.   Thanks for your consideration.  Jeff

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

JEFFREY MORSE, )
)
     Plaintiff )
)
v. )     Case No. 520CL19000284-00
)
CNS, INC., et al. )
)    FILED: 5/29/2019
     Defendants )    TIME: 11:50 am
                                CIRCUIT COURT CLERKS OFFICE
                                CITY OF BRISTOL, VA
                                KELLY R. DUFFY, CLERK
                                BY: _____ D.C.

## DEMURRER

The Defendant CNS Global Advisors ("CNS"), submits the following as its Demurrer:

1.    The Complaint fails to state a cause of action for breach of implied contract, quantum meruit, or unjust enrichment with respect to the period between August 2017, and January 2018, when by his own allegations, Mr. Morse was working for the benefit of the Leonhardt firm, and Mr. Morse failed to allege any facts about the reasonableness of his agreement to be compensated by the Leonhardt firm.

2.    The Complaint fails to state a cause of action for breach of implied-in-fact contract, or quantum meruit, because there is no allegation that CNS ever agreed that Mr. Morse would act on its behalf or that CNS ever promised or intended to pay Mr. Morse. The Complaint alleges at most that someone gave "assurances" that someone would pay.

3.    The Complaint fails to state a cause of action for quantum meruit or unjust enrichment, because there was no allegation that Mr. Morse's efforts conferred a benefit on CNS, separate and apart from the benefits to CNS's client and the City.

Based on the foregoing, CNS prays that the Complaint will be dismissed as to CNS with prejudice and without leave to amend.

## ANSWER

The Defendant CNS Global Advisors ("CNS"), submits the following as its Answer:

1.    CNS is without information to know the truth of the allegations in Paragraph 1 of the Complaint, and therefore they are denied.

2.    The allegations in paragraph 2 of the Complaint are admitted.

3.    The allegations in paragraph 3 of the Complaint are admitted.

4.    The allegations in paragraph 4 of the Complaint are admitted.

5.    The allegations in paragraph 5 are denied.

6.    CNS is without information to know the truth of the allegations in Paragraph 6 of the Complaint, and therefore they are denied. On information and belief, CNS submits that Leonhardt Environmental, P.C., is the only entity that ever agreed to pay compensation Mr. Morse in connection with grants in the City of Bristol. Mr. Morse wrote by email to Jim Williams dated January 22, 2018, that

2

he had been billing Leonhardt for his expenses up to that date, and his arrangement with Leonhardt was to be paid based on a percentage of the grants.

7. CNS is without information to know the truth of the allegations in Paragraph 7 of the Complaint, and therefore they are denied. On information and belief, the grants involved a series of meetings over a period of months, and many meetings were not attended by Mr. Morse.

8. The allegations in paragraph 8 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS has no knowledge of any action taken by Mr. Morse on its behalf. On information and believe, any contact between Mr. Morse and officials from the City of Bristol in October 2017 was related to his services for the Leonhardt firm.

9. CNS is without information to know the truth of the allegations in Paragraph 9 of the Complaint, and therefore they are denied.

10. The allegations in paragraph 10 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. CNS made plain in its communications that there was no agreement for Mr. Morse to be paid after he stopped working for Leonhardt. Mr. Morse acknowledged in an email to Mr. Williams dated February 22, 2018, that "I want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my services."

3

11. CNS is without information to know the truth of the allegations in Paragraph 11 of the Complaint, and therefore they are denied.

12. CNS is without information to know the truth of the allegations in Paragraph 12 of the Complaint, and therefore they are denied.

13. With respect to the allegations in paragraph 13 of the Complaint, CNS admits that the City of Bristol received a grant from the Appalachian Regional Commission related to funding for wastewater treatment. In all other respects, the allegations in paragraph 13 of the Complaint are denied. The grant process involved the efforts of many people, including CNS and local officials.

14. The allegations in paragraph 14 are denied. There was a TVA grant unrelated to wastewater treatment. The grant process involved the efforts of many people, including CNS and local officials.

15. The allegations in paragraph 15 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. Mr. Morse has not alleged and cannot allege that CNS ever intended or agreed to pay him.

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are denied.

18. All allegations not expressly admitted are denied.

4

19.    CNS denies that Mr. Morse is entitled to the requested relief or any relief.

Based on the foregoing, CNS prays that the Complaint will be dismissed with prejudice, and that any judgment will be in favor of CNS and against Mr. Morse's claims.

CNS Global Advisors

By: _____

Counsel

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on this the ⟨4th⟩ day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____

Counsel

5

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

JEFFREY MORSE,                     )
                                   )
    Plaintiff          )
                                   )
v.                                 )      Case No. 520CL19000284-00
                                   )
                                   )      FILED: 5/29/2019
AMERICAN MERCHANT, INC., et al.    )      TIME: 11:30 Am
                                   )      CIRCUIT COURT CLERKS OFFICE
    Defendants          )      CITY OF BRISTOL, VA
                                          KELLY F. DUFEY CLERK
                                          BY: _____ D.C.

## MOTION TO QUASH AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Defendant Merchant House International, Ltd. ("Merchant House"), by special appearance, moves to quash the service of process and to dismiss the case against it without prejudice for lack of personal jurisdiction. In support thereof, Merchant House submits the following:

1.    As alleged in the Complaint, Merchant House is corporation chartered outside the United States and based in Hong Kong.

2.    Mr. Morse's causes of action, whatever they may be, do not arise from the transaction of any business by Merchant House directly or through its agents in the Commonwealth of Virginia, for purposes of Va. Code §§ 8.01-328.1(A) and 8.01-328.1(C).

3.    The parent-subsidiary relationship between Merchant House and American Merchant, Inc., is not a valid basis for the exercise of personal jurisdiction over Merchant House. See, e.g., Newbauer v. Jackson Hewitt Tax Serv.

*Inc.*, No. 2:18CV679, 2019 WL 1398172, at *7 (E.D. Va. Mar. 28, 2019) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there") (citations omitted); *Guardian Pharmacy of E. NC, LLC v. Weber City Healthcare*, No. 2:12CV00037, 2013 WL 277771, at *3 (W.D. Va. Jan. 24, 2013), report and recommendation adopted, No. 2:12CV00037, 2013 WL 589113 (W.D. Va. Feb. 14, 2013) ("the mere existence of a parent-subsidiary relationship does not conclusively indicate that a parent is within a court's jurisdiction by way of the subsidiary's in-state activities"). Specifically, American Merchant, Inc., is neither the alter ego nor the implied agent of Merchant House. *See, e.g., Schmitt-Doss v. Am. Regent, Inc.*, No. 6:12-CV-00040, 2012 WL 6474038, at *7 (W.D. Va. Dec. 13, 2012) (citing cases).

Based on the foregoing, Merchant House prays that the service of process will be quashed and the case will be dismissed without prejudice for lack of personal jurisdiction with respect to Merchant House.

Merchant House International,

Ltd.

By: _____

Counsel

2

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on

this the 24th day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
                    Counsel

3

James W. Elliott
Mark M. Lawson
Steven R. Minor
Eric W. Reecher
R. Lucas Hobbs

Dawn Figueiras
OF COUNSEL

All attorneys admitted in
Tennessee and Virginia

# Elliott Lawson
# & Minor
ATTORNEYS AT LAW

THE PIEDMONT BUILDING
110 Piedmont Avenue, Suite 300
Bristol, Virginia 24201
www.elliottlawson.com

Fax (276) 466-8161

Writer's Telephone:
(276) 466-8400, ext. 209

Email:
thopkins@elliottlawson.com

May 24, 2019

Kelly Duffy, Clerk
Circuit Court for the City of Bristol
497 Cumberland Street
Bristol, VA 24201

 Re: *Jeffrey Morse v. American Merchant, Inc. et al*
 *Case No. CL19-284-00*
 *Our File No. 7594-LM-1*

Dear Kelly:

 Enclosed for filing in this matter is a Motion to Quash and Motion to Dismiss for filing on behalf of Merchant House International Ltd and a Demurrer for filing on behalf of CNS Global Advisors. If you have questions or need anything further please let me know.

Sincerely,

Teresa M. Hopkins
Legal Assistant

c:  Robert Copeland (w/enc.)

FILED: 5-30-19
TIME: 11:30 AM
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY F. DUFFY, CLERK
BY

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

JEFFREY MORSE,          )
                               )
      Plaintiff       )
                               )
v.                       )    Case No. 520CL19000284-00
                               )
CNS, INC., et al.        )
                               )
      Defendants   )

FILED: *May 30 2019*
TIME: *1 13 PM*
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY F. DUFFY, CLERK
BY: _____

## DEMURRER

The Defendant CNS Global Advisors ("CNS"), submits the following as its Demurrer:

1.     The Complaint fails to state a cause of action for breach of implied contract, quantum meruit, or unjust enrichment with respect to the period between August 2017, and January 2018, when by his own allegations, Mr. Morse was working for the benefit of the Leonhardt firm, and Mr. Morse failed to allege any facts about the reasonableness of his agreement to be compensated by the Leonhardt firm.

2.     The Complaint fails to state a cause of action for breach of implied-in-fact contract, or quantum meruit, because there is no allegation that CNS ever agreed that Mr. Morse would act on its behalf or that CNS ever promised or intended to pay Mr. Morse. The Complaint alleges at most that someone gave "assurances" that someone would pay.

3.     The Complaint fails to state a cause of action for quantum meruit or unjust enrichment, because there was no allegation that Mr. Morse's efforts conferred a benefit on CNS, separate and apart from the benefits to CNS's client and the City.

Based on the foregoing, CNS prays that the Complaint will be dismissed as to CNS with prejudice and without leave to amend.

## *ANSWER*

The Defendant CNS Global Advisors ("CNS"), submits the following as its Answer:

1.     CNS is without information to know the truth of the allegations in Paragraph 1 of the Complaint, and therefore they are denied.

2.     The allegations in paragraph 2 of the Complaint are admitted.

3.     The allegations in paragraph 3 of the Complaint are admitted.

4.     The allegations in paragraph 4 of the Complaint are admitted.

5.     The allegations in paragraph 5 are denied.

6.     CNS is without information to know the truth of the allegations in Paragraph 6 of the Complaint, and therefore they are denied. On information and belief, CNS submits that Leonhardt Environmental, P.C., is the only entity that ever agreed to pay compensation Mr. Morse in connection with grants in the City of Bristol. Mr. Morse wrote by email to Jim Williams dated January 22, 2018, that

2

he had been billing Leonhardt for his expenses up to that date, and his arrangement with Leonhardt was to be paid based on a percentage of the grants.

7.     CNS is without information to know the truth of the allegations in Paragraph 7 of the Complaint, and therefore they are denied. On information and belief, the grants involved a series of meetings over a period of months, and many meetings were not attended by Mr. Morse.

8.     The allegations in paragraph 8 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS has no knowledge of any action taken by Mr. Morse on its behalf. On information and believe, any contact between Mr. Morse and officials from the City of Bristol in October 2017 was related to his services for the Leonhardt firm.

9.     CNS is without information to know the truth of the allegations in Paragraph 9 of the Complaint, and therefore they are denied.

10.    The allegations in paragraph 10 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. CNS made plain in its communications that there was no agreement for Mr. Morse to be paid after he stopped working for Leonhardt. Mr. Morse acknowledged in an email to Mr. Williams dated February 22, 2018, that "I want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my services."

3

11.    CNS is without information to know the truth of the allegations in Paragraph 11 of the Complaint, and therefore they are denied.

12.    CNS is without information to know the truth of the allegations in Paragraph 12 of the Complaint, and therefore they are denied.

13.    With respect to the allegations in paragraph 13 of the Complaint, CNS admits that the City of Bristol received a grant from the Appalachian Regional Commission related to funding for wastewater treatment. In all other respects, the allegations in paragraph 13 of the Complaint are denied. The grant process involved the efforts of many people, including CNS and local officials.

14.    The allegations in paragraph 14 are denied. There was a TVA grant unrelated to wastewater treatment. The grant process involved the efforts of many people, including CNS and local officials.

15.    The allegations in paragraph 15 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. Mr. Morse has not alleged and cannot allege that CNS ever intended or agreed to pay him.

16.    The allegations in paragraph 16 are denied.

17.    The allegations in paragraph 17 are denied.

18.    All allegations not expressly admitted are denied.

4

19.  CNS denies that Mr. Morse is entitled to the requested relief or any relief.

Based on the foregoing, CNS prays that the Complaint will be dismissed with prejudice, and that any judgment will be in favor of CNS and against Mr. Morse's claims.

CNS Global Advisors

By: _____
Counsel

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on this the ___ day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
Counsel

5

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

| | | |
|---|---|---|
| *JEFFREY MORSE,* | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 520CL19000284-00 |
| | ) | |
| *AMERICAN MERCHANT, INC., et al.* | ) | |
| | ) | |
| Defendants | ) | |

## *MOTION TO QUASH AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*

The Defendant Merchant House International, Ltd. ("Merchant House"), by special appearance, moves to quash the service of process and to dismiss the case against it without prejudice for lack of personal jurisdiction. In support thereof, Merchant House submits the following:

1.    As alleged in the Complaint, Merchant House is corporation chartered outside the United States and based in Hong Kong.

2.    Mr. Morse's causes of action, whatever they may be, do not arise from the transaction of any business by Merchant House directly or through its agents in the Commonwealth of Virginia, for purposes of Va. Code §§ 8.01-328.1(A) and 8.01-328.1(C).

3.    The parent-subsidiary relationship between Merchant House and American Merchant, Inc., is not a valid basis for the exercise of personal jurisdiction over Merchant House. *See, e.g., Newbauer v. Jackson Hewitt Tax Serv.*

*Inc.*, No. 2:18CV679, 2019 WL 1398172, at *7 (E.D. Va. Mar. 28, 2019)

("Generally, a foreign parent corporation is not subject to the jurisdiction of a

forum state merely because its subsidiary is present or doing business there")

(citations omitted); *Guardian Pharmacy of E. NC, LLC v. Weber City Healthcare*,

No. 2:12CV00037, 2013 WL 277771, at *3 (W.D. Va. Jan. 24, 2013), report and

recommendation adopted, No. 2:12CV00037, 2013 WL 589113 (W.D. Va. Feb.

14, 2013) ("the mere existence of a parent-subsidiary relationship does not

conclusively indicate that a parent is within a court's jurisdiction by way of the

subsidiary's in-state activities"). Specifically, American Merchant, Inc., is neither

the alter ego nor the implied agent of Merchant House. *See, e.g., Schmitt-Doss v.*

*Am. Regent, Inc.*, No. 6:12-CV-00040, 2012 WL 6474038, at *7 (W.D. Va. Dec.

13, 2012) (citing cases).

　　　Based on the foregoing, Merchant House prays that the service of process

will be quashed and the case will be dismissed without prejudice for lack of

personal jurisdiction with respect to Merchant House.

Merchant House International,

Ltd.

By: _____
　　　　Counsel

2

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on

this the 24th day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
          Counsel

3

# Elliott Lawson
# & Minor
### ATTORNEYS AT LAW

James W. Elliott
Mark M. Lawson
Steven R. Minor
Eric W. Reecher
R. Lucas Hobbs

Dawn Figueiras
OF COUNSEL

All attorneys admitted in
Tennessee and Virginia

THE PIEDMONT BUILDING
110 Piedmont Avenue, Suite 300
Bristol, Virginia 24201
www.elliottlawson.com

Fax (276) 466-8161

Writer's Telephone:
(276) 466-8400, ext. 209

Email:
thopkins@elliottlawson.com

May 24, 2019

Kelly Duffy, Clerk
Circuit Court for the City of Bristol
497 Cumberland Street
Bristol, VA 24201

> Re:  *Jeffrey Morse v. American Merchant, Inc. et al*
> Case No. CL19-284-00
> *Our File No. 7594-LM-1*

Dear Kelly:

Enclosed for filing in this matter is a Motion to Quash and Motion to Dismiss for filing on behalf of Merchant House International Ltd and a Demurrer for filing on behalf of CNS Global Advisors. If you have questions or need anything further please let me know.

Sincerely,

Teresa M. Hopkins
Legal Assistant

c:   Robert Copeland (w/enc.)

FILED: 5-30-19
TIME: 11:30 AM
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY F. DUFFY, CLERK
BY: *Donnald Johnston*

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

JEFFREY MORSE,                    )
                                  )
    Plaintiff            )
                                  )
v.                                )    Case No. 520CL19000284-00
                                  )
CNS, INC., et al.                 )    FILED: May 30 20??
                                  )    TIME:
    Defendants           )    CIRCUIT COURT CLERKS OFFICE
                                      CITY OF BRISTOL, VA
                                      KELLY F. DUFFY, CLERK
                                      BY:

## DEMURRER

The Defendant CNS Global Advisors ("CNS"), submits the following as its Demurrer:

1. The Complaint fails to state a cause of action for breach of implied contract, quantum meruit, or unjust enrichment with respect to the period between August 2017, and January 2018, when by his own allegations, Mr. Morse was working for the benefit of the Leonhardt firm, and Mr. Morse failed to allege any facts about the reasonableness of his agreement to be compensated by the Leonhardt firm.

2. The Complaint fails to state a cause of action for breach of implied-in-fact contract, or quantum meruit, because there is no allegation that CNS ever agreed that Mr. Morse would act on its behalf or that CNS ever promised or intended to pay Mr. Morse. The Complaint alleges at most that someone gave "assurances" that someone would pay.

3. The Complaint fails to state a cause of action for quantum meruit or unjust enrichment, because there was no allegation that Mr. Morse's efforts conferred a benefit on CNS, separate and apart from the benefits to CNS's client and the City.

Based on the foregoing, CNS prays that the Complaint will be dismissed as to CNS with prejudice and without leave to amend.

### ANSWER

The Defendant CNS Global Advisors ("CNS"), submits the following as its Answer:

1. CNS is without information to know the truth of the allegations in Paragraph 1 of the Complaint, and therefore they are denied.

2. The allegations in paragraph 2 of the Complaint are admitted.

3. The allegations in paragraph 3 of the Complaint are admitted.

4. The allegations in paragraph 4 of the Complaint are admitted.

5. The allegations in paragraph 5 are denied.

6. CNS is without information to know the truth of the allegations in Paragraph 6 of the Complaint, and therefore they are denied. On information and belief, CNS submits that Leonhardt Environmental, P.C., is the only entity that ever agreed to pay compensation Mr. Morse in connection with grants in the City of Bristol. Mr. Morse wrote by email to Jim Williams dated January 22, 2018, that

2

he had been billing Leonhardt for his expenses up to that date, and his arrangement with Leonhardt was to be paid based on a percentage of the grants.

7.    CNS is without information to know the truth of the allegations in Paragraph 7 of the Complaint, and therefore they are denied. On information and belief, the grants involved a series of meetings over a period of months, and many meetings were not attended by Mr. Morse.

8.    The allegations in paragraph 8 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS has no knowledge of any action taken by Mr. Morse on its behalf. On information and believe, any contact between Mr. Morse and officials from the City of Bristol in October 2017 was related to his services for the Leonhardt firm.

9.    CNS is without information to know the truth of the allegations in Paragraph 9 of the Complaint, and therefore they are denied.

10.    The allegations in paragraph 10 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. CNS made plain in its communications that there was no agreement for Mr. Morse to be paid after he stopped working for Leonhardt. Mr. Morse acknowledged in an email to Mr. Williams dated February 22, 2018, that "I want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my services."

3

11.     CNS is without information to know the truth of the allegations in Paragraph 11 of the Complaint, and therefore they are denied.

12.     CNS is without information to know the truth of the allegations in Paragraph 12 of the Complaint, and therefore they are denied.

13.     With respect to the allegations in paragraph 13 of the Complaint, CNS admits that the City of Bristol received a grant from the Appalachian Regional Commission related to funding for wastewater treatment. In all other respects, the allegations in paragraph 13 of the Complaint are denied. The grant process involved the efforts of many people, including CNS and local officials.

14.     The allegations in paragraph 14 are denied. There was a TVA grant unrelated to wastewater treatment. The grant process involved the efforts of many people, including CNS and local officials.

15.     The allegations in paragraph 15 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. Mr. Morse has not alleged and cannot allege that CNS ever intended or agreed to pay him.

16.     The allegations in paragraph 16 are denied.

17.     The allegations in paragraph 17 are denied.

18.     All allegations not expressly admitted are denied.

4

19.     CNS denies that Mr. Morse is entitled to the requested relief or any relief.

Based on the foregoing, CNS prays that the Complaint will be dismissed with prejudice, and that any judgment will be in favor of CNS and against Mr. Morse's claims.

CNS Global Advisors

By: _____
                Counsel

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on this the ____ day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
                Counsel

5

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

| | | |
|---|---|---|
| *JEFFREY MORSE*, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 520CL19000284-00 |
| | ) | |
| *AMERICAN MERCHANT, INC.*, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## *MOTION TO QUASH AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*

The Defendant Merchant House International, Ltd. ("Merchant House"), by special appearance, moves to quash the service of process and to dismiss the case against it without prejudice for lack of personal jurisdiction. In support thereof, Merchant House submits the following:

1. As alleged in the Complaint, Merchant House is corporation chartered outside the United States and based in Hong Kong.

2. Mr. Morse's causes of action, whatever they may be, do not arise from the transaction of any business by Merchant House directly or through its agents in the Commonwealth of Virginia, for purposes of Va. Code §§ 8.01-328.1(A) and 8.01-328.1(C).

3. The parent-subsidiary relationship between Merchant House and American Merchant, Inc., is not a valid basis for the exercise of personal jurisdiction over Merchant House. *See, e.g., Newbauer v. Jackson Hewitt Tax Serv.*

*Inc.*, No. 2:18CV679, 2019 WL 1398172, at *7 (E.D. Va. Mar. 28, 2019) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there") (citations omitted); *Guardian Pharmacy of E. NC, LLC v. Weber City Healthcare*, No. 2:12CV00037, 2013 WL 277771, at *3 (W.D. Va. Jan. 24, 2013), report and recommendation adopted, No. 2:12CV00037, 2013 WL 589113 (W.D. Va. Feb. 14, 2013) ("the mere existence of a parent-subsidiary relationship does not conclusively indicate that a parent is within a court's jurisdiction by way of the subsidiary's in-state activities"). Specifically, American Merchant, Inc., is neither the alter ego nor the implied agent of Merchant House. *See, e.g., Schmitt-Doss v. Am. Regent, Inc.*, No. 6:12-CV-00040, 2012 WL 6474038, at *7 (W.D. Va. Dec. 13, 2012) (citing cases).

Based on the foregoing, Merchant House prays that the service of process will be quashed and the case will be dismissed without prejudice for lack of personal jurisdiction with respect to Merchant House.

Merchant House International,

Ltd.

By: _____

Counsel

2

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on

this the 24th day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
              Counsel

3