James W. Elliott
Mark M. Lawson
Steven R. Minor
Eric W. Reecher
R. Lucas Hobbs
___
Dawn Figueiras
OF COUNSEL

All attorneys admitted in
Tennessee and Virginia

# Elliott Lawson
# & Minor
ATTORNEYS AT LAW

THE PIEDMONT BUILDING
110 Piedmont Avenue, Suite 300
Bristol, Virginia 24201
www.elliottlawson.com

Tel (276) 466-8400
Fax (276) 466-8161

Direct Dial
(276) 644-3482

Email
sminor@elliottlawson.com

June 7, 2019

Kelly Duffy, Clerk
Circuit Court for the City of Bristol
497 Cumberland Street
Bristol, VA 24201

Re:    *Jeffrey Morse v. American Merchant, Inc. et al*
       *Case No. CL19-284-00*
       *Our File No. 7594-LM-1*

Dear Kelly:

Enclosed for filing on behalf of CNS Global Advisors is a Notice of
Removal.

By copy to counsel, I am notifying them of the removal.

Thank you.

Very truly yours,

Steven R. Minor

c:    Mr. Copeland
      Mr. Morris

FILED:
TIME:
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY F. DUFFY, CLERK
BY:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

*JEFFREY MORSE*,      )
      )
    Plaintiff      )
      )
v.      )    Case No. _____
      )
*AMERICAN MERCHANT, INC.*,      )    (Bristol Virginia Circuit Court
      )    Case No. CL 19-284)
*CNS GLOBAL ADVISORS*      )
      )
and      )
      )
*MERCHANT HOUSE*      )
*INTERNATIONAL, LTD.*      )
      )
    Defendants      )

FILED: *June 13 2019*
TIME: *11:30 AM*
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY E DUFFY CLERK
BY _____ D.C.

### NOTICE OF REMOVAL

The Defendant CNS Global Advisors ("CNS"), by counsel, pursuant to 28

U.S.C. §§ 1441 and 1446, gives notice of removal of the above-captioned action,

Case No. CL 19-284, pending in the Circuit Court for the City of Bristol, Virginia,

to this Court. In support thereof, CNS submits the following:

1.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in

that it is being filed within thirty days of the actual receipt by CNS of a copy of the

Summons and the Complaint. Service was effected through the Secretary of the

Commonwealth. The copy of the Summons and the Complaint was actually

received from the Secretary of the Commonwealth on May 13, 2019.

2.     The Circuit Court of the City of Bristol is located within the Western District of Virginia, Abingdon Division.

3.     Pursuant to 28 U.S.C. § 1446(b), a copy of all process, pleadings, and orders served upon CNS is attached hereto as Exhibit 1. A copy of the responsive pleading filed by CNS in state court is attached hereto as Exhibit 2.

4.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332 and this action is removable to this Court pursuant to 28 U.S.C. § 1441(b)(2), because none of the parties in interest "properly joined" as defendants is a citizen of Virginia.

5.     The citizenship of parties to this action is completely diverse:

5.1.     At the time when the suit was filed and at the time of removal, the Plaintiff ("Mr. Morse") was and is a resident and citizen of the State of North Carolina. Complaint ¶ 1.

5.2.     At the time when the suit was filed and at the time of removal, CNS was and is a limited liability company, and so its citizenship is based on that of its members. Its sole members were and are residents and citizens of the District of Columbia and the State of Maryland. Declaration of Mr. Sanchez, Exhibit 3.

5.3.     At the time when the suit was filed and at the time of removal, Merchant House International, Ltd., ("Merchant House") as alleged in the Complaint, was not and is not a "citizen" of any state. Complaint ¶ 4.

2

5.4.    At the time when the suit was filed and at the time of removal, American Merchant, Inc., ("American Merchant") was and is a Virginia corporation, with its principal place of business in Virginia. Complaint ¶ 3. The date on its certificate of incorporation is August 7, 2017.

6.    None of the "properly joined defendants" is a citizen of the Commonwealth of Virginia. CNS is the only properly joined defendant.

7.    Many federal courts have held or suggested that the concept of fraudulent joinder applies to determine which parties were "properly joined" for purposes of the forum-defendant rule stated in 28 U.S.C. § 1441(b)(2).[1]

8.    In order to evaluate fraudulent joinder, the rule in this Circuit is that the trial court "is not bound by the allegations of the pleadings," but may instead

---

[1]    *See, e.g., Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017) ("because the ... defendants were fraudulently joined, the forum-defendant rule, 28 U.S.C. § 1441(b)(2), did not prohibit removal."); *Brazell v. Waite*, 525 Fed. App'x 878, 884 (10th Cir. 2013) ("for the foregoing reasons (the fraudulent joinder of Waite and his status as a nominal party), we have serious doubt that Waite could be considered a 'part[y] in interest properly joined' as a defendant"); *Julie Wang v. New York-New Jersey Section of the Ninety-Nines Inc.*, Case No. 2018-cv-01780, 2018 WL 3432744, at *6 (S.D.N.Y. June 4, 2018); *Ekeya v. Shriners Hosp. for Children, Portland*, 258 F. Supp. 3d 1192, 1200–01 (D. Or. 2017) ("if there is no possibility that a state court would find that the complaint states a cause of action against a particular defendant, then that defendant should not be considered to have been 'properly joined.'"). *Bahalim v. Ferring Pharm., Inc.*, Case No. 2016-cv-08335, 2017 WL 118418, at *3 (N.D. Ill. Jan. 12, 2017) ("by its own terms, the forum defendant rule precludes removal only when there is a 'properly joined and served' resident defendant"); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1257 (D.N.M. 2014); *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011).

3

"consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir. 1964)).[2]

9.    CNS asks the Court to consider the attached Declarations as part of the "entire record," including the admissions contained in a series of emails received from Mr. Morse.

10.    Mr. Morse has fraudulently joined American Merchant and Merchant House in an attempt to defeat diversity jurisdiction and thwart CNS's right to remove this action to federal court. Both American Merchant and Merchant House were fraudulently and improperly joined. Accordingly, their citizenship should be ignored for purposes of removal, and they should be dismissed without prejudice. In support of its claim of fraudulent joinder, CNS submits the following, verified as to paragraphs 10.1-10.12 in the Declaration of Mr. Williams, Exhibit 4:

---

[2]    In *dicta*, Judge Dillon questioned whether the Fourth Circuit intended for the "entire record" language from *Dodd* to apply in all removed cases. *Cardoza v. Medical Devise Business Services, Inc.*, Case No. 4:19-cv-00003, 2019 WL 2028573 (W.D. Va. May 8, 2019). Unpublished decisions of the Fourth Circuit do not support this view. *See Flores v. Ethicon, Inc.*, 563 Fed. App'x 266, 269 (4th Cir. 2014) ("the vast majority of decisions ... review the entire record"). Other circuits also allow consideration of documents outside the pleadings. *See, e.g., Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011); *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995).

4

10.1.  Before American Merchant was formed, CNS was hired to work on site selection for a new manufacturing operation. Site selection included consideration of available grants. CNS recommended the old Ball plant in the City of Bristol, Virginia. American Merchant purchased the building in December 2017 after officials from the City and the Bristol Virginia Utilities Authority ("BVUA") made representations about available grants. CNS was paid for its services.

10.2.  As part of its contract, CNS searched for other professionals to provide services related to the Bristol site. CNS contacted a firm called Leonhardt Environmental, P.C. The head of Leonhardt Environmental, P.C., was a man named Derr Leonhardt. In August 2017, Leonhardt Environmental, P.C. made two written proposals to CNS to perform services related to the Bristol site. One of the two proposals included a "property condition assessment." American Merchant paid Leonhard Environmental, P.C., for the property condition assessment. The other proposal involved services related to a wastewater treatment system. This proposal included engineering services, based on 5% of what was spent for installed equipment, an estimated fee of $25,000.

10.3.  Leonhardt Environmental, P.C., was never retained or paid for services related to wastewater treatment. ProChem, Inc., was hired instead. ProChem, Inc., has been paid for its services. The decision to make a contract with ProChem, Inc., had nothing to do with Mr. Morse.

5

10.4. The applicant for and recipient of the grant from the Appalachian Regional Commission ("ARC") related to wastewater treatment was the City itself. The Governor of Virginia announced his recommendation to the ARC in support of the grant proposal for Bristol on January 5, 2018.

10.5. The application for the investment credit from the Tennessee Valley Authority ("TVA") listed Jim Williams of CNS as the consultant for American Merchant. The investment credit for efficient energy consumption was obtained in conjunction with BVUA, which buys wholesale electricity from TVA. The initial evaluation from TVA was dated November 17, 2017.

10.6. As Mr. Morse alleged in the Complaint, ¶¶ 6-9, Leonhardt Environmental, P.C., recruited him as a consultant on the wastewater treatment project. From August 2017 to January 2018, Mr. Morse did whatever he did as a consultant for Leonhardt Environmental, P.C.

10.7. In an email to Mr. Williams, dated January 22, 2018, Mr. Morse represented that he had been charging Leonhardt Environmental, P.C., for his work up to that point, that he was going to stop charging Leonhardt Environmental, P.C., that he hoped to make a new deal with CNS or its client, and that he would keep working on the project with or without a new deal:

> I do not feel comfortable to continue to bill Derr for my expenses on this project. Had Derr completed his contract with Merchant House I would have been paid a percentage of the grants I brought in. He was paying me for upfront expense to be deducted from that total.

6

Is it possible to arrange a similar deal. I charged Derr $30.00 per hr plus mileage. If the grants are awarded and utilized by the company I could earn a percentage you guys feel comfortable with. Any up front expenses would be deducted from that amount.

As I indicated from the beginning I will continue to complete this task regardless of any decision made above.

10.8. In an email to Mr. Williams, dated February 22, 2018, Mr. Morse wrote that he was still interested in making a new deal so he could get the $25,000 or more he expected to get from Leonhardt Environmental, P.C., before Leonhardt Environmental, P.C., exited the project, that he understood that neither CNS nor its client had any obligation to pay him, and that he still planned to finish the work with or without a new deal:

> ... As we get close to getting final approval from ARC I would like to bring up again a conversation we had several weeks ago concerning an appropriate compensation for the work I did in bringing an additional $1,300,000 TVA energy savings grant and the ARC $500,000 grant. These two grants along with the potential EDA grant were not part of the grant programs that were originally brought to the table for Merchant House.
>
> My original involvement was under the direction of Leonhardt Environment (Derr Leonhardt). He brought me to the first meeting as source to find additional grant funds for this project. I was to be paid a percentage for any grants that I was able to get for this project. My usual fee was 5% of grant totals. I believe his original contract with Merchant House was for somewhere around $75,000. At the time I thought I could bring a total of $500,000 to the table. My fee from Derr would have been $25,000
>
> I understand that Derr's services will probably not be utilized. What I would like to suggest is that his contract be turned over to me with a

7

reduced rate of $50,000. This will more than fairly compensate me for the work I accomplished for this project. (no fee will be paid until ARC sends a letter authorizing you to proceed with the project).

I also want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my efforts. I agreed to preform my original work even after it become clear that Derr would not be involved in the project....

Again, regardless of the answer to my inquiry, I plan to continue to work on theses project untill [sic] the funding is approved both for ARC and EDA. Thanks for your consideration.

10.9. In an email to Mr. Williams, dated April 9, 2018, Mr. Morse wrote that his work on the grants was ended, that his original deal was with Leonhardt Environmental, P.C., that he kept working after Leonhard Environmental, P.C., was "no longer in the picture," that neither CNS nor its client had no obligation to pay him, but that Mr. Morse was still hoping to make a deal and get some cash in time to pay his federal income taxes:

Jim, I guess the saying is true, "all good things do come to an end". I had a great conversation with Ellen this morning about the status of the ARC grant and the upcoming meeting with Richmond ARC. She indicated we are in the grant administration stage and the City of Bristol under her lead will be responsible for the rest      of the process. This was our ultimate goal. I knew from the beginning that once we were officially notified of the grant announcement my responsibility would be over....

You and I are familiar with my situation regarding compensation for my work. I was originally to be paid by Leonhardt Enviormental [sic] under their contract with you. Since you all went with Pro Chem it is my understanding that Leonhardt Enviormental was no longer in the picture. I was aware of this situation but was still committed to find new grant money for this project.

8

I was able to secure two additional grant sources for Merchant House. The ARC grant for $500,000 and the TVA grant for $1,300,000 for an energy grant credit. Had I been under contract my normal fee would have been 5% of grant funds secured. My billing would have been for $90,000.

I realize that you nor Merchant House is under any obligation to fund my request. I have been working under the premise that some compensation for my work would be considered. As you know I prepared both applications and used my contacts both at TVA and ARC to guide us through this process and helped us get an expedited review. I believe that as a result of my efforts minus my compensation Merchant House will be to the good of $1,710,000. Not bad for a $90,000 investment. (this is based on my normal fee)

I would like to make an offer. I would greatly appreciate your consideration of a fee of $50,000. Well below the cost of Leonhardt's potential contract and a discounted fee of what I normally charge.

I would appreciate knowing if this would be possible. I am facing a tax liability on April 15 and this fee would be of great help in my cash flow.

Jim, I know there is no formal agreement however, I trust Merchant House will consider all that I have done and will honor my work and support me in a fair manner.

10.10.     In an email to Mr. Williams, dated September 24, 2018, Mr.

Morse asked for a proposal on payment for his work related to the grants for the

Bristol site, even though no one had agreed to pay him, because there were

"indications" that he would be compensated, and he needed the money:

Thought I would check in to see how the project is coming along as well as get an up date on my compensation for the $500,000 ARC grant and the $1,300,000 TVA power credit that I acquired for the project.

9

I would like to close this out as soon as possible. My consulting business has somewhat slowed and I am in need for some cash flow to stay in business. My usual fee for grant acquisition is 5% of the total grant. However, I am willing to accept a lesser amount if we can come to an agreement. I recognize that I was not under a contract, however I feel that my services were necessary (as well as successful) at the time and indications were that everything would be done to insure I was compensated. I'm still holding out that this is true. Thanks.

10.11.        In an email to Mr. Williams, dated October 12, 2018, Mr.

Morse threatened CNS with a lawsuit and bad publicity if he was not paid:

I knew from the beginning that you and everyone else associated with this project would fuck me over. You kept telling me that I would be taken care of even though I did not have a contract. I spent hours and used my personal contacts to get you and the company grant funds and even got the grant process expedited. My contacts at ARC and TVA were utilized to get what you guys needed. Even though I was not under contact you gave me reason to believe I would be compensated and that everyone associated with the project appreciated my efforts. If you ask our friends in Bristol we would have never received the ARC grant if it were not for my involvement Jim, I anticipated this would happen. I have set up a process to bring a law suit against Merchant House, you and the firm you represent. I also plan to go public with my case against Merchant House. I did all this work for a Chinese firm and got shafted. Also I will challenge the sole source you guys got for your treatment process. I have enough witnesses to testify this was bullshit.

I have contacted an attorney in Abington and he is willing to take on my case.

Even though I did not have a contract and you guys still engaged me to work for you does not void your responsibility to compensate me.

I'll see you in Court and in the news.

10

I will be contacting Ms Lee, The city of Bristol, the Governors office
and ARC to let them know who we are dealing with.

10.12.      Following through on his prior email, Mr. Morse wrote a note

dated October 13, 2018, to the owner of Merchant House, in which he

acknowledged that their prior contact was limited:

Ms.Lee

My name is Jeffrey Morse. I had the honor to meet you in Bristol
Virginia at a dinner celebrating the creation of your new towel
manufacturing facility. My reason for contacting you is to appeal to
your companies integrity in dealing with people who have served the
interests of American Merchant House.

I was personally responsible for your company receiving the ARC
grant of $500,000 and a TVA energy grant of $1,300,000. Although I
was not under a contract to preform this work I was told by several
individuals working on this project that I would be compensated for
my many hours I put into successfully acquiring the grants. Mr. Jim
Williams was my direct contact and over a 5 month period he would
contact me almost on a weekly basis for help on this project. I
personally used my contacts in the various funding agencies to help
me through the complex grant applications.

I was told yesterday by Mr.Williams that I did not have a contract
with Merchant House or his company therefore I would not be
receiving any compensation for all of my efforts.

I feel that I have been mislead and they had no intentions to
compensate me but used me for their benefit.

Ms Lee, I am appealing to the high standards of how your company
treats individuals who assist your company achieve success. Thank
you in advance for considering my situation.

I indicated in previous correspondence I would be filing a law suit to
get my due compensation. I have abandoned this course of action and

11

regardless of any action you should take I will not pursue a legal recourse. I will use this as a learning experience.

10.13.    The Court can decide whether an implied-in-fact or implied-in-law agreement arose between Mr. Morse and CNS, based on the series of dealings between Mr. Morse and Mr. Williams. Mr. Morse discussed compensation only with Mr. Williams. That discussion began in January 2018, long after Mr. Morse had started and had substantially completed his work on the grants. Mr. Morse acknowledged in writing to Mr. Williams that none of the Defendants had agreed to pay him, even after the work was done, and that he declared that he would finish the work regardless of whether anyone agreed to pay him.

10.14.    As shown by his writings, Mr. Morse threatened to sue American Merchant and Merchant House to spite CNS, and not because of any actual connection between Mr. Morse and those companies.

10.15.    There can be no implied-in-fact contract claim against American Merchant or Merchant House, because American Merchant and Merchant House never made any promises to Mr. Morse, as he acknowledged to his regret in the several emails, even after his work was done. "To recover under a contract 'implied-in-fact,' a plaintiff must allege 'facts to raise an implication that the defendant promised to pay the plaintiff for such benefit.'" *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 166 (4th Cir. 2012) (quoting *Nedrich v. Jones*, 245 Va. 465, 429 S.E.2d 201, 207 (1993)). Mr. Morse got involved as a consultant to a

12

consultant to a consultant for American Merchant. American Merchant never induced him to work on the project, even after he stopped working for Leonhardt Environmental, P.C. He asked CNS to get a commitment from American Merchant but has acknowledged that it never did.

10.16.    There can be no implied-in-law contract claim against American Merchant or Merchant House, because American Merchant and Merchant House were not unjustly enriched. The admissions in his emails negate any possibility that Mr. Morse conferred a benefit on American Merchant, that American Merchant knew about and should reasonably have expected to pay for. *Rosetta Stone*, 676 F.3d at 166. There was no unjust enrichment for American Merchant to get the benefit of Mr. Morse's work that he performed while he was under contract with Leonhardt Environmental, P.C. American Merchant or its predecessors made express contracts for professional services and paid for them, with CNS and Leonhardt and ProChem and others. Besides the paid consultants, many local, state, and federal government employees worked to get these grants, from the Governor of Virginia on down, before Mr. Morse stopped working for Leonhardt Environmental, P.C. Mr. Morse did not make all the money he had hoped to make from Leonhardt Environmental, P.C., because another firm was hired for the wastewater treatment project. Mr. Morse made the decision for whatever reason that he would keep on working even after Leonhardt

13

Environmental, P.C., was no longer involved. Even after his work was done, he acknowledged that American Merchant had no obligation to pay him. American Merchant does not have an implied-in-law obligation to pay Mr. Morse for the benefit it received from the work that he was paid to do for Leonhardt Environmental, P.C., or his work as a volunteer, which is what Mr. Morse became in effect after he stopped charging Leonhardt Environmental, P.C.

      10.17.     Merchant House is only the parent company. It had no direct connection with Mr. Morse or the operations of American Merchant. Merchant House did not get the benefit of any of Mr. Morse's work.

      11.     The amount in controversy exceeds $75,000, exclusive of interests and costs, because the amount claimed on the face of the Complaint is $90,000.

      12.     CNS gave notice of the filing of this Notice to counsel for Mr. Morse. A copy of this Notice is being filed with clerk of the Bristol Circuit Court.

      13.     All properly joined defendants join in this removal. American Merchant and Merchant House need not consent or join in this removal because CNS asserts that they are fraudulently joined.

      14.     To the extent that the consent of American Merchant and Merchant House is required, Robert Burton for American Merchant and Maxwell Bleakie for Merchant House have expressed their consent to the undersigned counsel for their respective companies. Exhibits 5 and 6.

14

CNS Global Advisors

By: s/ Steven R. Minor _____
Counsel

Counsel:
Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on

this the 7th day of June, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: s/ Steven R. Minor _____
Counsel

15



# COMMONWEALTH of VIRGINIA

### *Secretary of the Commonwealth*

POST OFFICE BOX 2452

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

CNS Global Advisors
Francisto Sanchez, CEO
1875 CT. Avenue NW 10th Floor
Washington, DC 20009

5/9/2019

Jeffrey Morse

vs.

CNS Global Advisors
Francisto Sanchez, CEO

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia
which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below
mentioned court or any attorney of your choice. Our office does not accept payments on behalf
of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed
papers to you.

COURT:

Bristol Circuit Court
Courthouse
497 Cumberland Street
Bristol, VA 24201-4394

Service of Process Clerk
Secretary of the Commonwealth's
Office

*Exhibit 1*

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. ___CL19000284-00___

Commonwealth of Virginia    VA CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

_____ BRISTOL CITY _____ Circuit Court

| | |
|---|---|
| JEFFREY MORSE | v.    AMERICAN MERCHANT, INC. |
| | CNS GLOBAL ADVISORS |
| | MERCHANT HOUSE INTERNATIONAL LTD. |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    [×] Summons and Complaint    [ ] Notice
                                                        [ ] ...............

I, the undersigned Affiant, state under oath that
[×] the above-named defendant    [ ] .......... CNS GLOBAL ADVISORS, FRANCISTO SANCHEZ, CEO
    whose last known address is    [ ] same as above [×] .... 1875 CT. AVE NW 10th  FL, WASHINGTON DC 20009
1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
       applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
       REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

___04/03/2019___
DATE        [ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of ___Virginia___    [ ] City [×] County of ___Washington___
Acknowledged, subscribed and sworn to before me this day by ___Max C Morris___
___04-03-19___                                                                    PRINT NAME OF SIGNATORY
DATE

Notary Registration No. _____    [ ] CLERK [ ] MAGISTRATE [×] NOTARY PUBLIC
                                                                       My commission expires: _7/31/21_

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was
provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia
    You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On _____APR 1 5 2019_____, legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On _____MAY 0 9 2019_____, papers described in the Affidavit and a copy of this Affidavit were forwarded by
    certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1415 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Summons

To: CNS GLOBAL ADVISORS
    SERVE: FRANCISCO J SANCHEZ CEO
    1875 CONNECTICUT AVE NW
    10TH FLOOR
    WASHINGTON DC 20009

Case No. 520CL19000284-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on Monday, April 08, 2019

Clerk of Court: KELLY F DUFFY

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF BRISTOL, VIRGINIA

| | |
|---|---|
| JEFFREY MORSE | : |
|     Plaintiff | : |
| | : |
| v. | :      Case No. |
| | : |
| AMERICAN MERCHANT, INC. | : |
| Serve: Allen Oakley, Reg. Agent | : |
|     750 Old Abingdon Highway | : |
|     Bristol, VA 24201 | : |
| | : |
| CNS GLOBAL ADVISORS | : |
| Serve: Francisco J. Sanchez, CEO | : |
|     1875 Connecticut Ave NW | : |
|     10th Floor | : |
|     Washington, DC 20009 | : |
| | : |
| and | : |
| | : |
| MERCHANT HOUSE | : |
| INTERNATIONAL, LTD. | : |
| Serve: Clifford Einstein, Director | : |
|     11940 Brentwood Grove | : |
|     Los Angeles, CA 90049 | : |
| | : |
|     Defendants | : |

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and for his complaint against the defendants states as follows:

1. The Plaintiff, Jeffrey Morse, is a consultant who works in the consulting industry in the Southeast United States and is a resident of Morganton, North Carolina.

2. The Defendant, CNS Global Advisors (hereinafter CNS), is a consulting firm/financial advising company that provides services to both foreign and domestic companies and has its headquarters in Washington, D.C., and does business in Virginia.

-1-

3. The Defendant, American Merchant Inc. (hereinafter American Merchant), is a textile manufacturer that is a subsidiary of Merchant House International, Ltd. and has its headquarters in Bristol, VA., which does business in Bristol, VA.

4. The Defendant, Merchant House International, Ltd. (hereinafter Merchant House), is an international company that sources, produces and sells footwear, home textiles seasonal decorations and gifts and is incorporated in Bermuda with its headquarters in Hong Kong, owns the defendant American Merchant and does or did business in Virginia.

5. Jurisdiction arises in this Court, pursuant to the activities taken by the defendants in this jurisdiction.

6. Your Plaintiff, Jeffrey Morse, on or about August 23, 2017, was recruited by Leondhardt Environmental, P.C. to acquire grants to set off the costs of building a wastewater pretreatment plant at American Merchant's manufacturing facility.

7. On or about September 29, 2017 your Plaintiff attended a meeting at or near American Merchant's manufacturing plant in Bristol, VA. His involvement in the project was described in the meeting minutes as follows:

> A consultant specializing in acquiring grant money for new industrial projects met with our team to discuss potential grants from multiple sources including TVA. The consultant has begun the process of contacting grant agencies. A report on the nature and amount of such grants is expected by October 11[,2018].

8. On or about October 11, 2018 at a meeting taking place at the manufacturing facility at or near Bristol, VA, your Plaintiff presented several options for grant proposals including Appalachian Regional Commission (ARC), Tennessee Valley Authority (TVA) and the Economic Development Association (EDA). At this meeting, your Plaintiff also asked for and received permission to contact the city of Bristol, VA to gauge their interest

- 2 -

in being an applicant to receive grants on behalf of American Merchant. Because of work your Plaintiff completed with the city's staff, he eventually applied for and received grant funding on behalf of American Merchant.

9. From October 2017 through January 2018, your Plaintiff continued work to acquire grants from ARC, TVA and EDA. Leonhardt Environmental, P.C. was phased out of the planning process on or about January 2, 2018, but the Plaintiff continued his work.

10. Following the removal of Leonhardt Environmental, P.C. from the planning process on or about January 2, 2018 by American Merchant and/or Merchant House, your Plaintiff continued to acquire grants at the request of CNS Global Advisors on behalf of American Merchant and Merchant House until on or about May 2, 2018. The work by Plaintiff was done with ongoing assurances from representatives of CNS and American Merchant that he would be compensated for his efforts.

11. Between September 2017 and May 2018 Plaintiff made numerous trips from Morganton, North Carolina to Bristol, Virginia on behalf of defendants as part of his ongoing efforts to obtain grant funding for a wastewater pretreatment plant.

12. Between September 2017 and May 2018, at Bristol, County of Washington, State of Virginia, Plaintiff, Jeffrey Morse, at the special instance and request of defendants, CNS, American Merchant and Merchant House, and for their use and benefit, furnished a large amount of time, travel and expertise to assist with the acquisition of grant money to fund a wastewater pretreatment plant to be installed at a certain facility located in the City of Bristol, County of Washington, State of Virginia.

13. Plaintiff alleges that due to his efforts, on or about March 3, 2018, ARC approved a $500,000.00 grant for the City of Bristol, VA on behalf of American Merchant for the funding of a wastewater pretreatment plant.

- 3 -

14. Plaintiff further alleges that he applied for and received a grant from the TVA in the amount of $1,300,000.00 for the funding of a wastewater pretreatment plant.

15. The foregoing facts outlining the efforts of Plaintiff coupled with the continued assurances from the Defendants that Plaintiff would be compensated for those efforts is behavior by both parties indicative that an agreement was in place. Therefore, the court should infer an implied-in-fact contract.

16. Further, the Plaintiff conferred a benefit upon the defendants by devoting his time, effort, and expertise at the continued request and special instance of the defendants. There was a reasonable expectation that defendant would pay the Plaintiff and the defendant knew or should have known of this expectation of payment. Under the principles of quantum meruit and unjust enrichment, allowing the defendant to retain the benefits as set forth above would be inequitable.

17. Further, he Defendants were enriched through the Plaintiff's work and expertise in the amount of $1.8 million in grants that were obtained in an expedited manner. This could have only been achieved by someone possessing Plaintiff's specific skillset, professional network and experience in grant writing.

WHEREFORE, pursuant to the principles of implied contract, quantum meruit and unjust enrichment, your Plaintiff prays that he be granted a judgment in the amount of $90,000.00 plus costs and interest from the date of the filing of this complaint.

- 4 -

JEFFREY MORSE
By Counsel

_Max C. M—_
Robert T. Copeland, VSB 14575
Max C. Morris, VSB 93687
Copeland Law Firm, P.C.
Post Office Box 1296
Abingdon, VA 24212
276-628-9525
276-628-4711 (fax)
rtc@rcopelandlaw.com
mcm@rcopelandlaw.com
Counsel for Plaintiff

- 5 -

# IN THE CIRCUIT COURT OF THE CITY OF BRISTOL, VIRGINIA

| | | |
|---|---|---|
| *JEFFREY MORSE,* | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 520CL19000284-00 |
| | ) | |
| *CNS, INC., et al.* | ) | |
| | ) | |
| Defendants | ) | |

## DEMURRER

The Defendant CNS Global Advisors ("CNS"), submits the following as its Demurrer:

1.     The Complaint fails to state a cause of action for breach of implied contract, quantum meruit, or unjust enrichment with respect to the period between August 2017, and January 2018, when by his own allegations, Mr. Morse was working for the benefit of the Leonhardt firm, and Mr. Morse failed to allege any facts about the reasonableness of his agreement to be compensated by the Leonhardt firm.

2.     The Complaint fails to state a cause of action for breach of implied-in-fact contract, or quantum meruit, because there is no allegation that CNS ever agreed that Mr. Morse would act on its behalf or that CNS ever promised or intended to pay Mr. Morse. The Complaint alleges at most that someone gave "assurances" that someone would pay.

*Exhibit 2*

3.     The Complaint fails to state a cause of action for quantum meruit or unjust enrichment, because there was no allegation that Mr. Morse's efforts conferred a benefit on CNS, separate and apart from the benefits to CNS's client and the City.

Based on the foregoing, CNS prays that the Complaint will be dismissed as to CNS with prejudice and without leave to amend.

## *ANSWER*

The Defendant CNS Global Advisors ("CNS"), submits the following as its Answer:

1.     CNS is without information to know the truth of the allegations in Paragraph 1 of the Complaint, and therefore they are denied.

2.     The allegations in paragraph 2 of the Complaint are admitted.

3.     The allegations in paragraph 3 of the Complaint are admitted.

4.     The allegations in paragraph 4 of the Complaint are admitted.

5.     The allegations in paragraph 5 are denied.

6.     CNS is without information to know the truth of the allegations in Paragraph 6 of the Complaint, and therefore they are denied. On information and belief, CNS submits that Leonhardt Environmental, P.C., is the only entity that ever agreed to pay compensation Mr. Morse in connection with grants in the City of Bristol. Mr. Morse wrote by email to Jim Williams dated January 22, 2018, that

2

he had been billing Leonhardt for his expenses up to that date, and his arrangement with Leonhardt was to be paid based on a percentage of the grants.

7.     CNS is without information to know the truth of the allegations in Paragraph 7 of the Complaint, and therefore they are denied. On information and belief, the grants involved a series of meetings over a period of months, and many meetings were not attended by Mr. Morse.

8.     The allegations in paragraph 8 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS has no knowledge of any action taken by Mr. Morse on its behalf. On information and believe, any contact between Mr. Morse and officials from the City of Bristol in October 2017 was related to his services for the Leonhardt firm.

9.     CNS is without information to know the truth of the allegations in Paragraph 9 of the Complaint, and therefore they are denied.

10.     The allegations in paragraph 10 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. CNS made plain in its communications that there was no agreement for Mr. Morse to be paid after he stopped working for Leonhardt. Mr. Morse acknowledged in an email to Mr. Williams dated February 22, 2018, that "I want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my services."

3

11.     CNS is without information to know the truth of the allegations in Paragraph 11 of the Complaint, and therefore they are denied.

12.     CNS is without information to know the truth of the allegations in Paragraph 12 of the Complaint, and therefore they are denied.

13.     With respect to the allegations in paragraph 13 of the Complaint, CNS admits that the City of Bristol received a grant from the Appalachian Regional Commission related to funding for wastewater treatment. In all other respects, the allegations in paragraph 13 of the Complaint are denied. The grant process involved the efforts of many people, including CNS and local officials.

14.     The allegations in paragraph 14 are denied. There was a TVA grant unrelated to wastewater treatment. The grant process involved the efforts of many people, including CNS and local officials.

15.     The allegations in paragraph 15 are denied. Mr. Morse was never authorized by CNS to take any action on its behalf, and CNS never gave Mr. Morse any "assurances" at any time on any subject. Mr. Morse has not alleged and cannot allege that CNS ever intended or agreed to pay him.

16.     The allegations in paragraph 16 are denied.

17.     The allegations in paragraph 17 are denied.

18.     All allegations not expressly admitted are denied.

4

19.    CNS denies that Mr. Morse is entitled to the requested relief or any

relief.

Based on the foregoing, CNS prays that the Complaint will be dismissed

with prejudice, and that any judgment will be in favor of CNS and against Mr.

Morse's claims.

CNS Global Advisors

By: _____
        Counsel

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by mail on

this the _29th_ day of May, 2019, to the following:

Robert T. Copeland
Max Morris
Copeland Law Firm
P.O. Box 1296
Abingdon, VA 24212
Counsel for Plaintiff

By: _____
        Counsel

5

**Exhibit IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| *JEFFREY MORSE,* | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| *AMERICAN MERCHANT, INC.,* | ) | (Bristol Virginia Circuit Court |
| | ) | Case No. CL 19-284) |
| *CNS GLOBAL ADVISORS* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| *MERCHANT HOUSE* | ) | |
| *INTERNATIONAL, LTD.* | ) | |
| | ) | |
| Defendants | ) | |

*DECLARATION OF FRANCISCO SANCHEZ*

Francisco Sanchez states the following as his Declaration:

I declare under penalty of perjury the following is true:

1.      At the time when the suit was filed and at the time of removal, CNS

Global Advisors was and is a limited liability company.

2.      Its sole members were and are residents and citizens of the District of

Columbia and the State of Maryland.

3.      I am one of the members of the limited liability company and have

personal knowledge of these facts.

Exhibit 3

Signed: *Francisco G. Sanchez*
_____
Francisco Sanchez

Date of signature ___May 31, 2019__

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

JEFFREY MORSE,      )
                  )
      Plaintiff      )
                  )
v.           )      Case No.
                  )
AMERICAN MERCHANT, INC.,    )    (Bristol Virginia Circuit Court
           )      Case No. CL 19-284)
CNS GLOBAL ADVISORS    )
                )
and           )
                )
MERCHANT HOUSE    )
INTERNATIONAL, LTD.    )
                )
      Defendants    )

### DECLARATION OF JAMES WILLIAMS

James Williams states the following as his Declaration:

I declare under penalty of perjury the following is true:

1.      I am an employee of CNS Global Advisors.

2.      I have personal knowledge of the facts stated in paragraphs 10.1 through 10.12 of the Notice of Removal, which are true and correct.

3.      Copies of the referenced emails are attached.

Signed:

      James Williams    *James A. Williams*

Date of signature:    *29 May 2019*

Exhibit U

| From: | "Jeffrey Morse" <jeff.morse@jmorseconsulting.com> |
|---|---|
| To: | "Jim Williams" <jim.williams@cnsglobaladvisors.com> |
| CC: | |
| Date: | 1/22/2018 9:00:08 PM |
| Subject: | |

Quick question. I do not feel comfortable to continue to bill Derr for my expenses on this project. Had Derr completed his contract with Merchant House I would have been paid a percentage of the grants I brought in. He was paying me for upfront expense to be deducted from that total.

Is it possible to arrange a similar deal. I charged Derr $30.00 per hr plus mileage. If the grants are awarded and utilized by the company I could earn a percentage you guys feel comfortable with. Any up front expenses would be deducted from that amount.

As I indicated from the beginning I will continue to complete this task regardless of any decision made above. Jeff

**From:** "Jeffrey Morse" <jeff.morse@jmorseconsulting.com>
**To:** "Jim Williams" <jim.williams@cnsglobaladvisors.com>
**CC:**
**Date:** 2/22/2018 12:33:58 AM
**Subject:**

---

Jim, got another call later today from a friend at ARC Washington. I was informed that our application should be approved in approximately 2 weeks depending on our response to the questions that will be transmitted to us. Also this time line is dependent on our ability to get the answers back to them on a quick turnaround ( we did this with the state).

As we get close to getting final approval from ARC I would like to bring up again a conversation we had several weeks ago concerning an appropriate compensation for the work I did in bringing an additional $1,300,000 TVA energy savings grant and the ARC $500,000 grant. These two grants along with the potential EDA grant were not part of the grant programs that were originally brought to the table for Merchant House.

My original involvement was under the direction of Leonhardt Environment (Derr Leonhardt). He brought me to the first meeting as source to find additional grant funds for this project. I was to be paid a percentage for any grants that I was able to get for this project. My usual fee was 5% of grant totals. I believe his original contract with Merchant House was for somewhere around $75,000. At the time I thought I could bring a total of $500,000 to the table. My fee from Derr would have been $25,000

I understand that Derr's services will probably not be utilized. What I would like to suggest is that his contract be turned over to me with a reduced rate of $50,000. This will more than fairly compensate me for the work I accomplished for this project. (no fee will be paid until ARC sends a letter authorizing you to proceed with the project).

I also want to reiterate my position that you nor Merchant House is under any obligation to compensate me for my efforts.
I agreed to preform my original work even after it become clear that Derr would not be involved in the project.

I have enjoyed working on this project. I also hope that down the road I can be part of the team on future projects.

Again, regardless of the answer to my inquiry, I plan to continue to work on theses project untill the funding is approved both for ARC and EDA. Thanks for your consideration. Jeff

**From:** "Jeffrey Morse" <jeff.morse@jmorseconsulting.com>
**To:** "Jim Williams" <jim.williams@cnsglobaladvisors.com>
**CC:**
**Date:** 4/9/2018 10:14:48 PM
**Subject:**

Jim, I guess the saying is true, "all good things do come to an end". I had a great conversation with Ellen this morning about the status of the ARC grant and the upcoming meeting with Richmond ARC. She indicated we are in the grant administration stage and the City of Bristol under her lead will be responsible for the rest of the process. This was our ultimate goal. I knew from the beginning that once we were officially notified of the grant announcement my responsibility would be over. We put money in the budget to cover the City's administrative expense.

You and I are familiar with my situation regarding compensation for my work. I was originally to be paid by Leonhardt Enviormental under their contract with you. Since you all went with Pro Chem it is my understanding that Leonhardt Enviormental was no longer in the picture. I was aware of this situation but was still committed to find new grant money for this project.

I was able to secure two additional grant sources for Merchant House. The ARC grant for $500,000 and the TVA grant for $1,300,000 for an energy grant credit. Had I been under contract my normal fee would have been 5% of grant funds secured. My billing would have been for $90,000.

I realize that you nor Merchant House is under any obligation to fund my request. I have been working under the premise that some compensation for my work would be considered. As you know I prepared both applications and used my contacts both at TVA and ARC to guide us through this process and helped us get an expedited review. I believe that as a result of my efforts minus my compensation Merchant House will be to the good of $1,710,000. Not bad for a $90,000 investment. (this is based on my normal fee)

I would like to make an offer. I would greatly appreciate your consideration of a fee of $50,000. Well below the cost of Leonhardt's potential contract and a discounted fee of what I normally charge.

I would appreciate knowing if this would be possible. I am facing a tax liability on April 15 and this fee would be of great help in my cash flow.

Jim, I know there is no formal agreement however, I trust Merchant House will consider all that I have done and will honor my work and support me in a fair manner.

One last thing and I will close. Regardless how this turns out I want you to know personally how much I enjoyed working with you. I am impressed with your stye and tenacity. You get things done. I hope there will be opportunities in the future for me to work with you again. Jeff

**From:** "Jeffrey Morse" <jeff.morse@jmorseconsulting.com>

**To:** "Jim Williams" <jim.williams@cnsglobaladvisors.com>

**CC:**

**Date:** 9/24/2018 10:19:33 PM

**Subject:**

---

Jim, hope this email finds you well. How's the shoulder doing?

Thought I would check in to see how the project is coming along as well as get an up date on my compensation for the $500,000 ARC grant and the $1,300,000 TVA power credit that I acquired for the project.

I would like to close this out as soon as possible. My consulting business has somewhat slowed and I am in need for some cash flow to stay in business. My usual fee for grant acquisition is 5% of the total grant. However, I am willing to accept a lesser amount if we can come to an agreement. I recognize that I was not under a contract, however I feel that my services were necessary (as well as successful) at the time and indications were that everything would be done to insure I was compensated. I'm still holding out that this is true. Thanks,

Jeff

**From:** "Jeffrey Morse" <jeff.morse@jmorseconsulting.com>
**To:** "Jim Williams" <jim.williams@cnsglobaladvisors.com>
**CC:**
**Date:** 10/12/2018 10:12:16 PM
**Subject:** Re: Fw:

_____

I knew from the beginning that you and everyone else associated with this project would fuck me over. You kept telling me that I would be taken care of even though I did not have a contract. I spent hours and used my personal contacts to get you and the company grant funds and even got the grant process expedited. My contacts at ARC and TVA were utilized to get what you guys needed. Even though I was not under contact you gave me reason to believe I would be compensated and that everyone associated with the project appreciated my efforts. If you ask our friends in Bristol we would have never received the ARC grant if it were not for my involvement Jim, I anticipated this would happen. I have set up a process to bring a law suit against Merchant House, you and the firm you represent. I also plan to go public with my case against Merchant House. I did all this work for a Chinese firm and got shafted. Also I will challenge the sole source you guys got for your treatment process. I have enough witnesses to testify this was bullshit.
I have contacted an attorney in Abington and he is willing to take on my case. Even though I did not have a contract and you guys still engaged me to work for you does not void your responsibility to compensate me.
I'll see you in Court and in the news.
I will be contacting Ms Lee, The city of Bristol, the Governors office and ARC to let them know who we are dealing with.


Sent from my iPhone

On Oct 12, 2018, at 9:00 PM, Jim Williams <jim.williams@cnsglobaladvisors.com> wrote:

> Jeff,
> From very beginning of our meeting and your involvement in our project, I ask you how are you going to be paid
> Your answer, I will work it out.
> To this time I do not know who you are to work it out with.
> CNS and American Merchant have no agreement with you.
> Respectfully,
> Jim
>
>
> Sent from my iPhone

On Oct 12, 2018, at 3:52 PM, Jeffrey Morse <jeff.morse@jmorseconsulting.com> wrote:

Thought I would resend this email I sent on September 24, 2018.  I sure would like a response.  Thanks, jeff

---

**From:** Jeffrey Morse
**Sent:** Monday, September 24, 2018 10:19 PM
**To:** Jim Williams
**Subject:**

Jim, hope this email finds you well.  How's the shoulder doing?

Thought I would check in to see how the project is coming along as well as get an up date on my compensation for the $500,000 ARC grant and the $1,300,000 TVA power credit that I acquired for the project.

I would like to close this out as soon as possible. My consulting business has somewhat slowed and I am in need for some cash flow to stay in business.  My usual fee for grant acquisition is 5% of the total grant.  However, I am willing to accept a lesser amount if we can come to an agreement.  I recognize that I was not under a contract, however I feel that my services were necessary (as well as successful) at the time and indications were that everything would be done to insure I was compensated.  I'm still holding out that this is true. Thanks,

Jeff

Ms.Lee
My name is Jeffrey Morse. I had the honor to meet you in Bristol Virginia at
a dinner celebrating the creation of your new towel manufacturing facility.

My reason for contacting you is to appeal to your companies integrity in
dealing with people who have served the interests of American Merchant
House.
I was personally responsible for your company receiving the ARC grant of
$500,000 and a TVA energy grant of $1,300,000. Although I was not under a
contract to preform this work I was told by several individuals working on
this project that I would be compensated for my many hours I put into
successfully acquiring the grants. Mr. Jim Williams was my direct contact
and over a 5 month period he would contact me almost on a weekly basis for
help on this project. I personally used my contacts in the various funding
agencies to help me through the complex grant applications.
I was told yesterday by Mr.Williams that I did not have a contract with
Merchant House or his company therefore I would not be receiving any
compensation for all of my efforts.
I feel that I have been mislead and they had no intentions to compensate me
but used me for their benefit.
Ms Lee, I am appealing to the high standards of how your company treats
individuals who assist your company achieve success. Thank you in advance
for considering my situation.
I indicated in previous correspondence I would be filing a law suit to get
my due compensation. I have abandoned this course of action and regardless
of any action you should take I will not pursue a legal recourse. I will use
this as a learning experience.
Sincerely,
Jeffrey Morse
jeff.morse@jmorseconsulting.com


Sent from my iPad

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

*JEFFREY MORSE,*                                )
                                                )
    Plaintiff                )
                                                )
v.                                              )   Case No. _____
                                                )
*AMERICAN MERCHANT, INC.,*                      )   (Bristol Virginia Circuit Court
                                                )   Case No. CL 19-284)
*CNS GLOBAL ADVISORS*                           )
                                                )
and                                             )
                                                )
*MERCHANT HOUSE*                                )
*INTERNATIONAL, LTD.*                           )
                                                )
    Defendants                )

## *DECLARATION OF MAXWELL BLEAKIE*

Maxwell Bleakie states the following as his Declaration:

I declare under penalty of perjury the following is true:

1.    I am an officer of Merchant House International, Ltd.

2.    Merchant House International, Ltd. consents to removal.

Signed: *[signature]*
        Maxwell Bleakie

Date of signature: *May 29, 2019*

Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

JEFFREY MORSE,                    )
                                  )
    Plaintiff                )
                                  )
v.                                )    Case No. _____
                                  )
AMERICAN MERCHANT, INC.,          )    (Bristol Virginia Circuit Court
                                  )    Case No. CL 19-284)
CNS GLOBAL ADVISORS               )
                                  )
and                               )
                                  )
MERCHANT HOUSE                    )
INTERNATIONAL, LTD.               )
                                  )
    Defendants               )

## DECLARATION OF ROBERT BURTON

Robert Burton states the following as his Declaration:

I declare under penalty of perjury the following is true:

1.    I am the current chairman of the board of directors of American

Merchant, Inc.

2.    American Merchant, Inc., consents to removal.

Signed: _____
           Robert Burton

Date of signature: _____5/29/19_____

Exhibit 6

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL  VA  24201
(276) 645-7321

Summons

To: AMERICAN MERCHANT INC
    SERVE: ALLEN OAKLEY
    REG AGENT
    750 OLD ABINGDON HWY
    BRISTOL VA 24201

Case No. 520CL19000284-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, April 08, 2019

Clerk of Court: KELLY F DUFFY

by    _____
                (CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL  VA  24201
(276) 645-7321

Proof of Service

Virginia:
In the BRISTOL CIRCUIT COURT

Case number: 520CL19000284-00
Service number: 001
Service filed: March 06, 2019
Judge:

Served by: BRISTOL CITY
Style of case: JEFFREY MORSE  vs AMERICAN MERCHANT INC
Service on: AMERICAN MERCHANT INC                    Attorney:
          SERVE: ALLEN OAKLEY
          REG AGENT
          750 OLD ABINGDON HWY
          BRISTOL VA 24201


Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, April 08, 2019 with a copy of the
Complaint filed Wednesday, March 06, 2019 attached.


Hearing date  :
Service issued: Monday, April 08, 2019
_____
For Sheriff Use Only

# COPELAND LAW FIRM, P.C.

212 W. Valley Street
P. O. Box 1296
Abingdon, VA 24212

**(276) 628-9525 (Phone)**
**(276) 628-4711 (Fax)**
rtc@rcopelandlaw.com
mcm@rcopelandlaw.com

Robert T. Copeland                                                                 Max C. Morris

April 3, 2019

Hon. Kelly F. Duffy, Clerk
Circuit Court for the City of Bristol
497 Cumberland Street
Bristol, VA 24201

FILED: 4-3-19
TIME: 10:45 AM
CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY F. DUFFY, CLERK
BY: _____ D.C.

Re: *Jeffrey Morse v. American Merchant, Inc., et al*
Case No. CL 19000284-00

Dear Ms. Duffy:

Earlier this year in February, 2019, we filed a Complaint in the Circuit Court, Case No. CL19000284-00 deferring, service on the defendants until a later time. We are now requesting that the filed Complaint be served upon the defendants and to that end we have enclosed the following to effect service:

- Original and 2 copies each of 2 affidavits for service on the Secretary of the Commonwealth, to effect service on defendants CNS Global Advisors and Merchant House International, Ltd., which parties have, as far as we can tell, no registered agent in Virginia, along with a stamped, self-addressed envelope so the verification of the filing of the certificate of compliance can be mailed to us.

- Three (3) additional copies of the complaint for service on each defendant.

- Envelopes returnable to our office addressed to each of the out of state defendants (as per the Secretary of the Commonwealth), with certified mail return receipts for each.

- One self-addressed, stamped envelope for use by the Secretary of the Commonwealth (as per the Secretary of the Commonwealth).

- A check made payable to the Sheriff of the City of Bristol in the amount of $12.00 for service costs on defendant American Merchant, Inc., and a check in the amount of $56.00 made payable to the Secretary of the Commonwealth for service on defendants CNS Global Advisors and Merchant House

International, Ltd.

Should anything further be needed in order to properly effect service upon these defendants, please let us know. As always, thank you for your assistance.

Sincerely,

**COPELAND LAW FIRM, P.C.**

Max C. Morris, Esq.

MCM/bw
Enclosures

2

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Summons

To: CNS GLOBAL ADVISORS
    SERVE: FRANCISCO J SANCHEZ CEO
    1875 CONNECTICUT AVE NW
    10TH FLOOR
    WASHINGTON DC 20009

Case No. 520CL19000284-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, April 08, 2019

Clerk of Court: KELLY F DUFFY

by                                                   
                                          (CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Proof of Service

Virginia:
In the BRISTOL CIRCUIT COURT

Case number: 520CL19000284-00
Service number: 002
Service filed: March 06, 2019
Judge:

Served by: SECRETARY OF THE COMMONWEALTH
Style of case: JEFFREY MORSE  vs AMERICAN MERCHANT INC
Service on: CNS GLOBAL ADVISORS                        Attorney:
         SERVE: FRANCISCO J SANCHEZ CEO
         1875 CONNECTICUT AVE NW
         10TH FLOOR
         WASHINGTON DC 20009


Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, April 08, 2019 with a copy of the
Complaint filed Wednesday, March 06, 2019 attached.


Hearing date   :
Service issued: Monday, April 08, 2019

For Sheriff Use Only

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE
# SECRETARY OF THE COMMONWEALTH

Case No. .......... CL19000284-00

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

................................................... BRISTOL CITY ................................................... Circuit Court

........... JEFFREY MORSE ...........    v.    ........... AMERICAN MERCHANT,INC. ...........

........................................................    ........... CNS GLOBAL ADVISORS ...........

........................................................    ........... MERCHANT HOUSE INTERNATIONAL LTD. ...........

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    [×] Summons [×] Complaint [ ] ........ Notice [ ]

CIRCUIT COURT CLERKS OFFICE
CITY OF BRISTOL, VA
KELLY E. DUFFY, CLERK

I, the undersigned Affiant, state under oath that
[×] the above-named defendant    [ ] ........ CNS GLOBAL ADVISORS, FRANCISTO SANCHEZ, CEO
    whose last known address is    [ ] same as above [×] ........ 1875 CT. AVE NW 10th FL, WASHINGTON DC 20009

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
    applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
    REQUIREMENT ON BACK).

.................................................. is the hearing date and time on the attached process or notice (if applicable).

....... 04/03/2019 .......
    DATE        [ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of  *Virginia*  [ ] City [×] County of  *Washington*

Acknowledged, subscribed and sworn to before me this day by  *Max C. Morris*

....... 04-03-19 .......                                          PRINT NAME OF SIGNATORY
    DATE        [ ] CLERK [ ] MAGISTRATE [×] NOTARY PUBLIC
                Notary Registration No. .......... 7612483 ...... My commission expires: 7/31/21

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self addressed stamped envelope was
    provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
    You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
    of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
    certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
    seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On .......... APR 1 5 2019 ........, legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On .......... MAY 0 9 2019 ........, papers described in the Affidavit and a copy of this Affidavit were forwarded by
    certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

........................................................
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

Case 1:19-cv-00023-JPJ-PMS   Document 6-1   Filed 07/01/19   Page 48 of 55   Pageid#: 150

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Proof of Service

Virginia:
In the BRISTOL CIRCUIT COURT

Case number: 520CL19000284-00
Service number: 002
Service filed: March 06, 2019
Judge:

Served by: SECRETARY OF THE COMMONWEALTH
Style of case: JEFFREY MORSE  vs AMERICAN MERCHANT INC
Service on: CNS GLOBAL ADVISORS                    Attorney:
   SERVE: FRANCISCO J SANCHEZ CEO
   1875 CONNECTICUT AVE NW
   10TH FLOOR
   WASHINGTON DC 20009

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, April 08, 2019 with a copy of the
Complaint filed Wednesday, March 06, 2019 attached.

Hearing date  :
Service issued: Monday, April 08, 2019

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Summons

To: MERCHANT HOUSE
INTERNATIONAL LTD
SERVE: CLIFFORD EINSTEIN, DIR
11940BRENTWOOD GROVE
90049 BRENTWOOD GROVE
LOS ANGELES CA 90049

Case No. 520CL19000284-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, April 08, 2019

Clerk of Court: KELLY F DUFFY

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Proof of Service

Virginia:
In the BRISTOL CIRCUIT COURT

Case number: 520CL19000284-00
Service number: 003
Service filed: March 06, 2019
Judge:

Served by: SECRETARY OF THE COMMONWEALTH
Style of case: JEFFREY MORSE vs AMERICAN MERCHANT INC
Service on: MERCHANT HOUSE                          Attorney:
           INTERNATIONAL LTD
           SERVE: CLIFFORD EINSTEIN, DIR
           11940 BRENTWOOD GROVE
           90049 BRENTWOOD GROVE
           LOS ANGELES CA 90049

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, April 08, 2019 with a copy of the
Complaint filed Wednesday, March 06, 2019 attached.

Hearing date  :
Service issued: Monday, April 08, 2019

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



EVSO
RECEIVED

APR 0 9 2019

0395

BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Proof of Service

Virginia:
In the BRISTOL CIRCUIT COURT

Case number: 520CL19000284-00
Service number: 001
Service filed: March 06, 2019
Judge:

Served by: BRISTOL CITY
Style of case: JEFFREY MORSE vs AMERICAN MERCHANT INC
Service on: AMERICAN MERCHANT INC          Attorney:
   SERVE: ALLEN OAKLEY
   REG AGENT
   750 OLD ABINGDON HWY
   BRISTOL VA 24201

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, April 08, 2019 with a copy of the Complaint filed Wednesday, March 06, 2019 attached.

Hearing date  :
Service issued: Monday, April 08, 2019

_____

For Sheriff Use Only

Executed on the _9th_ day of _April_, 20_19_
within the City of Bristol, Virginia by delivering a true copy of the within _Summons & Complaint_ In writing to _American Merchant Inc._
_Allen Oakley Reg Agent_ in person.
**DAVID H. MAPLES**
Sheriff, City of Bristol, Virginia
_Lance Helton_
**Deputy Sheriff**

_4/10/19 mmp_

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. .......... CL19000284-00

Commonwealth of Virginia  VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

.......... BRISTOL CITY .......... Circuit Court

| JEFFREY MORSE | v. | AMERICAN MERCHANT, INC. |
|---|---|---|
| | | CNS GLOBAL ADVISORS |
| | | MERCHANT HOUSE INTERNATIONAL LTD. |

*FILED*
*TIME:*

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

*CIRCUIT COURT CLERK'S OFFICE*
*CITY OF BRISTOL*
*KELLY F. DUFFY, CLERK*
*BY:*

| Attachments: | [ ] Summons and Complaint | [ ] Notice |
|---|---|---|
| | | [ ] .......... |

I, the undersigned Affiant, state under oath that  *HOUSE*

[×] the above-named defendant  [ ]  MERCHANT HOUR INTERNATIONAL,LTD, CLIFFORD EINSTEIN DIRECTOR

whose last known address is  [ ] same as above [×]  11940 Brentwood Grove, Los Angeles, CA 90049

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......... is the hearing date and time on the attached process or notice (if applicable).

04/03/2019
.......... DATE .......... [ ] PARTY [ ] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of .......... *Virginia* .......... [ ] City [×] County of .......... *Washington*

Acknowledged, subscribed and sworn to before me this day by  *Max C. Morris*

*04-03-19*
.......... DATE .......... PRINT NAME OF SIGNATORY

[ ] CLERK  [ ] MAGISTRATE  [×] NOTARY PUBLIC

Notary Registration No. .......... *160963* .......... My commission expires: .......... *(1/31/21)*

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On .......... *APR 1 5 2019* .........., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On .......... *MAY 0 9 2019* .........., papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

.......... SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



BRISTOL CIRCUIT COURT
Civil Division
497 CUMBERLAND STREET COURTHOUSE, ROOM 210
BRISTOL VA 24201
(276) 645-7321

Proof of Service

Virginia:
In the BRISTOL CIRCUIT COURT

Case number: 520CL19000284-00
Service number: 003
Service filed: March 06, 2019
Judge:

Served by: SECRETARY OF THE COMMONWEALTH
Style of case: JEFFREY MORSE vs AMERICAN MERCHANT INC
Service on: MERCHANT HOUSE                          Attorney:
      INTERNATIONAL LTD
      SERVE: CLIFFORD EINSTEIN, DIR
      11940BRENTWOOD GROVE
      90049 BRENTWOOD GROVE
      LOS ANGELES CA 90049

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, April 08, 2019 with a copy of the Complaint filed Wednesday, March 06, 2019 attached.

Hearing date  :
Service issued: Monday, April 08, 2019

For Sheriff Use Only

**VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF BRISTOL:**
Fips Code: <u>520</u>

Judge:      Hon. Sage B. Johnson

JEFFREY MORSE

v.                               CL19000284-00

AMERICAN MERCHANT, INC.
      ET AL.

### <u>TRANSFER ORDER</u>

      It appearing that this case was Ordered on June 12, 2019 by the United States District Court for the Western District of Virginia Abingdon Division, to be removed from the Circuit Court of the City of Bristol, Virginia, to the United States District Court for the Western District of Virginia at Abingdon, for good cause shown, and it otherwise appearing proper so to do, it is hereby **ORDERED** that this case file be, and hereby is, transferred and forwarded to the United States District Court for the Western District of Virginia at Abingdon to the Clerk of that Court at 180 West Main Street, Room 104, Abingdon, Virginia 24210.

      The Clerk shall transmit the file and a certified copy of the order within to the Clerk of the United States District Court for the Western District of Virginia at Abingdon.

Enter this _21st_ day of _June_, 2019:

_____Sage B Johnson_____
                             **JUDGE**

A COPY TESTE:
Kelly F. Duffy, Clerk
Circuit Court, City of Bristol, VA

By:_____ Dep. Clerk