# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| *BARBARA STALZER*, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00023 |
| | ) |
| *AMERICAN MERCHANT, INC.*, *et al.* | ) |
| | ) |
| Defendants | ) |

## *MOTION TO DISMISS*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant CNS Global Advisors ("CNS") moves to dismiss for failure to state a claim on which relief can be granted.

1.  The Amended Complaint fails to state a claim on which relief can be granted, for breach of implied contract, quantum meruit, or unjust enrichment, with respect to the period between August 2017, and January 2018, when by the express allegations of the Amended Complaint, Mr. More was working for the benefit of the Leonhardt firm, and Mr. Morse failed to allege any facts about the reasonableness of his agreement to be compensated by the Leonhardt firm For this time period, the claim that Mr. Morse is also entitled to be paid based on an implied contract with the defendants is like the implied contract claim in *Nedrich v. Jones*, 245 Va. 465, 429 S.E.2d 201 (1993), where the Supreme Court

of Virginia upheld the imposition of sanctions against the plaintiff's counsel. The plaintiff Weber was employed by a firm called Dulles, and he procured a lease of rental property owned by Dulles, and Weber was not paid a bonus for procuring the lease and not paid his last two months' wages by Dulles. The building was financed by the Riggs Bank, which foreclosed and took over the lease as landlord. Weber sued the bank, claiming that the bank owed him the bonus for procuring the lease, because the bank got the benefit of it. The Court explained that "[a]s alleged in the motion for judgment, Weber expended his efforts for Dulles' benefit. The law will not impose an implied contractual relationship upon parties in contravention of an express contract." *Id*. at 477, 429 S.E.2d at 207.

    2.    The Amended Complaint fails to state a claim on which relief can be granted, for breach of implied-in-fact contract, or quantum meruit, because there is no allegation that CNS ever agreed that Mr. Morse would act on its behalf or that CNS ever promised or intended to pay Mr. Morse. In *Nedrich*, the Supreme Court also reject the claim against the Bank because "[o]ne may not recover under a theory of implied contract ... without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." *Id*. at 476, 429 S.E.2d at 207. The Plaintiff is unable to make the express allegation that CNS or anyone other than Leonhardt promised to pay Mr. Morse. Instead, there is only the

generic allegation that somebody gave "assurances" that Mr. Morse would be paid by somebody for work that was done after January 2, 2018.

      3.     The Amended Complaint fails to state a claim on which relief can be granted, for breach of implied-in-law contract, or unjust enrichment. To state a cause of action for unjust enrichment, the Plaintiff has to allege that Mr. Morse conferred a benefit on CNS, for which CNS should reasonably be expected to pay. *Id*. at 476, 429 S.E.2d at 207. *See Rosetta Stone, Ltd. v. Google, Inc.*, 676 F.3d 144, 166 (4th Cir. 2012). Before January 2018, Mr. Morse was working for the benefit of the Leonhardt firm. A fair reading of the Amended Complaint is that CNS never got the benefit of the $1.8 million in alleged grants. The Plaintiff alleged that CNS was just another consultant. According to the Amended Complaint, the two grants were for a wastewater treatment plant used in American Merchant's operations and credit for electric service bought from the BVU Authority for use in American Merchant's operations. The Amended Complaint acknowledged that the City of Bristol was the applicant for the ARC grant. The Amended Complaint does not allege facts showing when if ever and to what extent the benefit of the TVA energy credit will be received by anyone.

Based on the foregoing, CNS Global Advisors prays that the Amended Complaint will be dismissed with prejudice and without leave to amend for failure to state a cause of action.


CNS GLOBAL ADVISORS

By:   s/ Steven R. Minor
          Counsel

Counsel:

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Robert T. Copeland
P.O. Box 1296
Abingdon, VA 24212
Counsel for the Plaintiff

By:   s/ Steven R. Minor
          Counsel