IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

BARBARA B. STALZER, C
Chapter 7 Trustee for the estate
 of Jeffrey Victor Morse,
     Plaintiff,

v.                                 Case No. 1:19-cv-00023

AMERICAN MERCHANT, INC.,
CNS GLOBAL ADVISORS
     Defendants

## **REPLY**

       The plaintiff believes it is necessary to file this reply in order to outline for the Court how the defendants are misstating the facts that are alleged in the second amended complaint. The United States for the Fourth Circuit has, in numerous cases set out the standard for pleading. In fact, only a week ago the court stated:

To survive a 12(b)(6) motion, a complaint must contain enough facts "'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded legal conclusions stated therein," and "[t]he mere recital of elements of a cause of action, supported only by conclusory statements is not sufficient." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)

*Maryland Shall Issue, Incorporated v. Hogan, No. 18-2474 (4*$^{TH}$ *Cir. June 29, 2020)*

       So, the plaintiff believes, the Court must analyze each of the points raised in the response to the plaintiff's memorandum and how the second amended

complaint follows applicable case law. The defendants each in an identical paragraph one assert that the plaintiff had "alleged expressly" that he was working at the request of and for the benefit of the Lenhart firm. This argument is false. The second amended complaint states very specifically in paragraph 10 that Mr. Morse was recruited by the defendants to acquire grants for a wastewater treatment facility for the benefit of American Merchant. In the second sentence of that paragraph, the trustee points out that Lenhart had been employed by the codefendant CNS on behalf of American Merchant.  So, the second amended complaint clearly allege how the two consultants, CNS and Leonhart were initially engaged by American Merchant.

In paragraph 14, the trustee specifically states that he was a subcontractor and in the same paragraph he alleges that the principal person for CNS, Jim Williams was made aware of Morse's efforts on behalf of American Merchant.

In the second paragraph of their response, both of the defendants then argue that the theory of quantum meruit is not available to Morse, but cite to an older Virginia case that has been further amplified and clarified by the more recent opinion of the Virginia Supreme Court, cited by the plaintiff, in both her second amended complaint and in her memorandum. The second amended complaint, again contrary to the defendant American Merchant's contention, specifically states that Morse reported to and advised American Merchant's supervisors and its officers of his work and his progress. Additionally, American Merchant argues that the allegation in paragraph 18 was "conclusory", when it was not, because it details

several facts to establish that Mr. Morse's work was well known to American Merchant.

After the two common paragraphs filed by each of the defendants, their positions then begin to diverge.  CNS, in the third paragraph of its argument states that CNS cannot be liable for unjust enrichment when the amount sought by the plaintiff exceeds what CNS was paid.  Obviously, this a disputed fact and not an argument that can be made as a matter of law. CNS does not cite to any authority to support this novel defense.  In its third paragraph, American Merchant's argues that Mr. Morse could not unjustly enrich American Merchant, because American Merchant contracted CNS for those services.  What was in the contract between American Merchant and CNS is a question of fact, not before the Court.  The plaintiff alleges that CNS did not have the knowledge or the skill to prepare the grant applications that Mr. Morse prepared.  American Merchant cannot deny that it received over $1 million in grants and credits as a result of Mr. Morse's work.

Again, with the fourth paragraph of their response, both defendants' positions diverge, but each of their fourth paragraphs are very similar.  Both the defendants' argue that they should not be responsible for the payment to the trustee for an energy credit that they will receive in the future.  They again do not cite to any case law to support this theory. American Merchant argues that the grant went to the city of Bristol, but does omits the fact that the City of Bristol passed the grant directly through to American Merchant.  This again is another issue of fact that will be developed during the discovery in this case.

CNS argues that it should not be responsible on a theory of unjust enrichment for money that went to a third-party American Merchant. Again, this is an argument based upon potentially disputed facts because the court does not know at this time whether CNS received a bonus or compensation for Mr. Morse's successful work. So, at this time, it is unknown if CNS benefited and was therefore unjustly enriched by Mr. Morse's work, but the plaintiff has alleged that they benefited and were enriched.

However, based upon the different arguments made by each of the defendants' it would appear at this time that there is an inherent conflict in their positions. American Merchant does not deny that it received the wastewater processing grant nor does it deny that it will receive significant energy grants in the future. However, CNS asserts that it did not receive any benefits and will not receive any benefits in the future. Therefore, the trier of fact could decide that one defendant may have to pay more than another one. The defendants at this time may want to consider whether this creates a conflict of interest for their counsel.

Finally, each of the defendants' assert that the payment of a consulting fee based upon the result achieved is not allowable as a matter of law because of public policy. The plaintiff believes that this argument would require the development of facts, with experts in the field to provide testimony regarding the standards and compensation of consultants. Neither defendant cites to any case law that holds that consultants may not be paid on a contingency basis. In fact, the sources cited are all in the nonprofit sector, not in the business sector. The amount of compensation is an issue of fact to be decided by the trier of fact.

In summary, the defendants have each tried to figure out a way to avoid paying for the windfall Jeffrey Morse brought to them. Their motions should be dismissed.

BARBARA STALTZER, TRUSTEE<br>
By Counsel

/s/Robert T. Copeland
Robert T. Copeland, VSB #14575
SCOT S. FARTHING, Attorney At Law, P.C.
P.O. Box 1296
Abingdon, VA 24212
(276) 628-9525
(276) 628-4711 (fax)
Counsel for Plaintiff
robertc@sfarthinglaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Reply has this 7th day of July, 2020 been filed with the United States District Court for the Western District of Virginia by way of the ECF system, and that true copies of same have been forwarded via first class mail, postage prepaid, or otherwise delivered, to the following parties at the following addresses: , Steven R. Minor, 110 Piedmont Ave, Suite 300, Bristol, VA 24201

/s/ Robert T. Copeland